IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. CHRISTOPHER D. THACKER

**Direct Appeal from the Circuit Court for Sequatchie County**
**No. 3756   J. Curtis Smith, Judge**

---

**No. M1999-01426-CCA-R3-CD - Decided June 30, 2000**

---

The defendant pled guilty to vehicular assault as the result of intoxication and driving on a revoked license.  The trial court imposed a three-year sentence for the vehicular assault, and, on appeal, the defendant contends that the trial court erred by refusing the defendant's request for a community corrections sentence.  We conclude that the trial court did not abuse its discretion and affirm the judgment.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**.

WADE, P.J.,  delivered the opinion of the court, in which RILEY and OGLE, JJ., joined.

B. Jeffery Harmon, Assistant Public Defender, Jasper, Tennessee, for the appellant, Christopher D. Thacker.

Paul G. Summers, Attorney General & Reporter, Clinton J. Morgan, Assistant Attorney General, and Stephen Strain, District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, Christopher D. Thacker, entered pleas of guilt to vehicular assault as the result of intoxication, a Class D felony, and driving on a revoked license.  While the record does not include the sentence on the latter offense, the trial court imposed a Range I, three-year sentence for the vehicular assault.  Six other counts, which included two more charges of vehicular assault, two charges of driving under the influence (including driving under the influence, third offense), one charge of driving on a revoked license (second offense), and one charge of failure to remain at the scene of an accident involving death or personal injury, were retired upon the defendant's plea.  In this appeal of right, the defendant contends that the trial court erred by refusing to allow his vehicular assault sentence to be served in a community corrections program.  While the record is not complete because of the failure on the part of the defendant to include a transcript of the hearing on the guilty plea, the evidence available suggests that the trial court had a sound basis for the denial of community corrections.

A recitation of the facts is included in the report filed by the Department of Correction. On February 16, 1998, the defendant, who acknowledged that he had been drinking alcohol, drove his 1985 Camaro head-on into a 1995 Ford Escort. The accident took place in the northbound lane of Highway 127 in Sequatchie County. The defendant was driving in a southerly direction. As a result of the accident, Rebecca Goss (the driver of the Ford Escort), Elaine Lofty, and Mary Rigby were injured. Ms. Goss suffered several broken toes on her left foot. The vehicle she was driving, which was owned by her father, was a total loss. The defendant left the scene on foot and was ultimately found almost two miles away. He initially contended that an unknown person had been driving his vehicle.

The trial court found that the defendant had a prior history of criminal behavior, that there was more than one victim of the offense, and that the defendant had a previous history of unwillingness to comply with conditions involving release in the community. See Tenn. Code Ann. § 40-35-114(1), (3), (8). The trial court observed that the defendant, nearly 26 years of age at the time sentence was imposed, had a lengthy history of arrests, many of which were alcohol related, which began at age 19 and continued until this offense. After observing that the defendant was already incarcerated in the "workhouse" because of a domestic violence situation at the time of sentencing, the trial court imposed a sentence of three years, denied any consideration for probation, and concluded that a Department of Correction sentence was necessary to protect society from future criminal conduct.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987). The record in this case demonstrates that the trial court made adequate findings of fact.

Among the factors applicable to probation consideration are the circumstances of the offense; the defendant's criminal record, social history and present condition; and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285 (Tenn.1978).

Especially mitigated or standard offenders convicted of Class C, D, or E felonies are,

of course, presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(b). Moreover, in Ashby, our supreme court encouraged the grant of considerable discretionary authority to our trial courts in matters such as these. 823 S.W.2d at 171. See State v. Moss, 727 S.W.2d 229, 235 (Tenn.1986). "[E]ach case must be bottomed upon its own facts." State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). "It is not the policy or purpose of this court to place trial judges in a judicial straight-jacket in this or any other area, and we are always reluctant to interfere with their traditional discretionary powers." Ashby, 823 S.W.2d at 171.

One of the purposes of the Community Corrections Act of 1985 was to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community based alternatives to incarceration . . . ." Tenn. Code Ann. § 40-36-103(1). The Community Corrections sentence provides a desired degree of flexibility that may both benefit the defendant and serve legitimate societal aims. State v. Griffith, 787 S.W.2d 340, 342 (Tenn.1990). Even in cases where the defendant meets the minimum requirements of the Community Corrections Act of 1985, the defendant is not necessarily entitled to be sentenced under the Act as a matter of law or right. Taylor, 744 S.W.2d at 922. The following offenders are eligible for Community Corrections:

> (1) Persons who, without this option, would be incarcerated in a correctional institution;

> (2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;

> (3) Persons who are convicted of nonviolent felony offenses;

> (4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

> (5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;

> (6) Persons who do not demonstrate a pattern of committing violent offenses; and

> (7) Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

Tenn. Code Ann. § 40-36-106(a) (emphasis added).

Additionally, there is a "special needs" category of eligibility for Community Corrections:

> Felony offenders not otherwise eligible under subsection (a), and who would be usually considered unfit for probation due to histories of chronic alcohol, drug abuse, or mental health problems, but <u>whose special needs are treatable and could be served best in the community rather than in a correctional institution</u>, may be considered eligible for punishment in the community under the provisions of this chapter.

Tenn. Code Ann. § 40-36-106(c) (emphasis added). To be eligible for Community Corrections under subpart(c), the defendant must first be eligible for probation under Tenn. Code Ann. § 40-35-303. <u>State v. Staten</u>, 787 S.W.2d 934, 936 (Tenn. Crim. App. 1989).

The defendant complains that due to his chronic alcohol and drug abuse and mental health problems, he qualified under the special needs section and should have been sentenced to a community corrections program. In response, the state first points out that the defendant has failed to include in the record a transcript of the guilty plea and argues that this court should treat the judgment of the trial court as presumptively correct. In the alternative, the state contends that a community corrections sentence was properly denied due to the defendant's prior criminal history, an escape from the workhouse in September of 1998, and the escalating nature of his criminal conduct since the age of 19.

Initially, the record is incomplete. The failure to include the guilty plea hearing transcript requires this court to presume that any missing information would have supported the three-year sentence to the Department of Correction. <u>See</u> <u>State v. Keen</u>, 996 S.W.2d 842 (Tenn. Crim. App. 1999); <u>State v. Oody</u>, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991) (stating that when necessary parts of the record are missing on appeal, this court must presume that the trial court's decision was correct). More importantly, the investigative report provided by the Department of Correction, which is included in the record in its entirety, supports the decision of the trial court. Although the defendant has no prior felony convictions, he has been convicted of theft of property under $500.00, two instances of driving under the influence, driving on a revoked license, assault, possession of drug paraphernalia, evading arrest, resisting arrest, misdemeanor escape, public intoxication, and underage drinking. While the defendant was on probation on the theft offense, he violated the terms of his release, resulting in a revocation. The defendant was also on probation when this offense was committed. While on bail for this offense, the defendant was charged with and eventually convicted of the assault, possession of drug paraphernalia, escape, and evading arrest offenses. The defendant was in custody at the time sentence was imposed.

The Department of Correction report indicates that the defendant acknowledges a problem with alcohol. Although he denies having any drug dependency, he has used marijuana and barbiturates. On the positive side, while in jail awaiting the disposition of this case, he began to participate in a substance abuse treatment program.

The defendant is not married, has no children, and resides with his grandfather. His work history is minimal and he has no assets. In our view, the trial court did not abuse its discretion by denying the defendant a community corrections sentence. State v. Grigsby, 957 S.W.2d 541, 547 (Tenn. Crim. App. 1997). The defendant has been unable to meet his burden of showing that his special needs can be better addressed in a community corrections program. The failure of the defendant to respond in a positive fashion to prior attempts at rehabilitation supports the conclusion reached by the trial court. Prior alternative sentences have been unsuccessful.

Accordingly, the judgment is affirmed.