STATE of Tennessee, Appellee,

v.

Richard STATEN, Appellant.

No. 88–293–III.

Court of Criminal Appeals of Tennessee, at Nashville.

Oct. 19, 1989.

Kymberly Lynn Ann Hattaway, Asst. Atty. Gen., Ronald Miller, Asst. Dist. Atty. Gen., Nashville, for appellee.

Christine A. Freeman, Nashville, for appellant.

## OPINION

DAUGHTREY, Judge.

The defendant, Richard Staten, pleaded guilty to bank robbery and was sentenced to the statutory minimum of 20 years imprisonment. TCA § 39–2–502. On appeal, we are asked to determine whether he must continue to serve that sentence in the penitentiary, or whether he should be released to participate in an alternative sentencing plan.

Initially, the trial court ordered that Staten, who had been incarcerated since arrest, serve an additional six months in jail and then be released under the Community Corrections Act, TCA § 40–36–106. The state objected and gave timely notice of intent to appeal. In addition, the state also filed a motion to reconsider. After a hearing on this motion, the trial judge vacated his previous order placing the defendant in the community corrections program, and sentenced the defendant to 20 years imprisonment.

At first glance the defendant might seem a worthy candidate for alternative sentencing. Staten had suffered from a deprived childhood and had appeared repeatedly in juvenile court. But he had no criminal record as an adult. Staten did have a long history of treatment for mental illness and demonstrated suicidal tendencies. Indeed, he testified that he had been taking drugs and was having thoughts of suicide on the day he robbed the Commerce Union Bank in Nashville.

That robbery was badly bungled. Staten went into the bank, apparently unarmed, and shoved a note written on a bank deposit slip into Stephanie Lipscomb's teller cage. The note threatened her death if she failed to cooperate. Lipscomb gave Staten cash but included with it a dye bomb, which exploded just after Staten left the bank. He dropped all the money, the dye bomb, and his wallet on the sidewalk outside the bank. Police traced him through identification in his wallet, and he was arrested, put in a lineup, and identified by Stephanie Lipscomb.

The defendant now appeals the trial court's last order, which vacated the original judgment sentencing him to community corrections. He argues that the trial court had no authority to reconsider the original judgment, that the subsequent order violates double jeopardy, and that he is entitled on the merits to alternative sentencing.

■ The dispositive issue in this case is whether the defendant is statutorily eligible for sentencing under the Community Corrections Act. The trial judge ultimately reversed himself on this point, determined

that the defendant was statutorily ineligible, and therefore ordered his incarceration. We agree with this conclusion and thus hold that most of the procedural questions raised by the defense are moot.

Eligibility for sentencing under the Community Corrections Act is set out in TCA § 40–36–106(a), (b), and (c), as follows:

(a) An offender who meets all of the following minimum criteria shall be considered eligible for punishment in the community under the provisions of this chapter:

(1) Persons who, without this option, would be incarcerated in a correctional institution;

(2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 2, parts 1, 2, 3, 5, 6, and 7;

(3) Persons who are convicted of nonviolent felony offenses;

(4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

(5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;

(6) Persons who do not demonstrate a pattern of committing violent offenses; and

(7) Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

(b) Offenders shall not be excluded from the program on the basis of prior convictions for nonviolent felony offenses, but may, at the discretion of the court and local community corrections advisory board, be excluded on the basis of prior convictions for felony offenses which would not meet the eligibility criteria provided in subsection (a) of this section.

(c) Felony offenders not otherwise eligible under subsection (a), and who would be usually considered unfit for probation due to histories of chronic alcohol, drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community rather than in a correctional institution, may be considered eligible for punishment in the community under the provisions of this chapter.

As the trial judge noted in a memorandum opinion filed with the superseding order, the defendant is not eligible under subsection (a) because he cannot meet the requirements of at least two of the minimum criteria, those being subsections (a)(2) and (a)(3). As to subsection (a)(2), bank robbery is clearly a felony offense involving a "crime against the person" and is proscribed in title 39, chapter 2, part 5. Moreover, by definition it cannot be considered a "nonviolent" offense for purposes of subsection (a)(3), even where the perpetrator is unarmed and makes no physical contact with the victim. The very act of taking property under threat of bodily harm or death, as occurred here, is inherently "violent." *State ex rel. Anderson v. Winsett,* 217 Tenn. 564, 399 S.W.2d 741 (1965).

Subsection (b) is inapplicable to this case.

Subsection (c) permits the release of "felony offenders not otherwise eligible under subsection (a) ... *who would be usually considered unfit for probation"* (emphasis added), if they have special needs treatable in the community. The language in this provision is obviously difficult. The trial court interpreted it to mean that in order to be eligible for probation under TCA § 40–36–106(c), an offender must first be eligible for probation under TCA §§ 40–21–101 and 40–35–303. As he noted, the waiver of *fitness* for probation is meaningless, unless the normal statutory criteria for probation apply to subsection (c) participants. Under §§ 40–21–101 and 40–35–303, however, defendant Staten is ineligible for regular probation, because the minimum sentence for bank robbery is too high to allow probation.

■ Hence, the defendant is ineligible for community corrections under

§ 40–36–106(a) and (c), and no other basis for eligibility is asserted. The trial judge acted to correct his original judgment under the authority of *State v. Archer*, 594 S.W.2d 751, 752 (Tenn.Crim.App.1979). Despite defense counsel's argument that this action was procedurally unjustified, it is clear that when the matter reaches us on appeal, we have the authority to correct any errors committed by the trial court.

There is no merit to the claim of double jeopardy, there being no constitutional violation shown, and the question of Staten's suitability for alternative sentencing cannot be reached on the merits.

Affirmed.

DUNCAN, P.J., and WADE, J., concur.