IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1996 SESSION



FILED

**July 24, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 02C01-9608-CC-00290 |
| | ) | |
| | ) | Tipton County |
| v. | ) | |
| | ) | Hon. Joseph H. Walker, Judge |
| | ) | |
| RONALD WAYNE STRICKLAND,) | | (Aggravated Sexual Battery) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Frank Deslauriers
P.O. Box 1156
Covington, TN 38019

For the Appellee:

Charles W. Burson
Attorney General of Tennessee
        and
Deborah A. Tullis
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

Elizabeth T. Rice
District Attorney General
        and
Walt Freeland
Assistant District Attorney General
302 Market Street
Somerville, TN 38068


OPINION FILED:_____


AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Ronald Wayne Strickland, was convicted of aggravated sexual battery, a Class B felony, pursuant to a guilty plea in the Tipton County Circuit Court. He was sentenced as a Range I, standard offender, to eight years in the Department of Correction. In this appeal as of right, he contends that the trial court erred when it concluded that he was not eligible to be sentenced under the Community Corrections Act. We affirm the judgment of the trial court.

The defendant contends that he is eligible for a community corrections sentence under the special needs provision of the Community Corrections Act of 1985, T.C.A. § 40-36-106(c).[1] That section states:

> Felony offenders not otherwise eligible under subsection (a), and who would be usually considered unfit for probation due to histories of chronic alcohol, drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community rather than in a correctional institution may be considered eligible for punishment in the community under the provisions of this chapter.

T.C.A. § 40-36-106(c). The defendant acknowledges that this court has interpreted the phrase "who would be usually considered unfit for probation" to mean that a defendant must be otherwise eligible for probation to qualify to receive a sentence under this provision. State v. Staten, 787 S.W.2d 934, 936 (Tenn. Crim. App. 1989). However, he argues that the 1993 amendments to T.C.A. § 40-35-303(a) and T.C.A. § 40-36-106(e)(3) change the law in a way that a defendant with special needs is now eligible for a community corrections sentence even if he is initially ineligible for probation.

Under T.C.A. § 40-35-303(a), a defendant is eligible for probation if his sentence is eight years or less and he is not convicted of aggravated sexual battery or one of the other enumerated offenses. In 1993, the legislature added a sentence to the

---

[1] Having been convicted of aggravated sexual battery, a crime against a person, the defendant does not otherwise qualify for a community corrections sentence. See T.C.A. § 40-36-106(a)(2).

2

statute which states, "A defendant shall also be eligible for probation pursuant to § 40-36-106(e)(3)." In relevant part, T.C.A. § 40-36-106(e)(3) grants the trial court the authority to place an offender that it terminates from a community corrections program on probation. "This authority of the court extends to offenders not originally eligible for probation after service of at least one (1) year." T.C.A. § 40-36-106(e)(3). The defendant argues that under these provisions, a community corrections sentence must be available to a defendant who is initially ineligible for probation.

Although we agree with the defendant that some offenders who are initially ineligible for probation are eligible for a community corrections sentence, see T.C.A. § 40-36-106(a), we do not believe that the 1993 amendments to T.C.A. § 40-36-106(3) and T.C.A. § 40-35-303(a) were intended to alter the requirements a defendant must meet to fit within the special needs provision. To qualify to be sentenced pursuant to T.C.A. § 40-36-106(c), a defendant must be eligible for probation. Staten, 787 S.W.2d at 936. The amendments do not address qualifying under this subsection. Thus, having been convicted of an offense for which probation is statutorily prohibited, the defendant does not meet this requirement. See T.C.A. § 40-35-303(a).

In addition to his statutory argument, the defendant relies on State v. Robert Bryant Rhodes, No 03C01-9405-CR-00174, Blount County, slip op. at 7 (Tenn. Crim. App. July 20, 1995), to support his contention that he is eligible for a community corrections sentence. Rhodes, convicted of rape, was not eligible for probation because he received a sentence greater than eight years. See T.C.A. § 40-36-106(e)(3). This court concluded that he was ineligible for a community corrections sentence for the sexual offense under T.C.A. § 40-36-106(a)(2), but also added, "absent a showing that he has special needs that can best be treated in the community." It concluded, though, that such needs were not proven.

3

Although <u>Rhodes</u> indicates that a defendant who is ineligible for probation because of the length of his sentence may be eligible to be sentenced under the special needs provision of the Community Corrections Act, the defendant does not fit within this category. Unlike <u>Rhodes</u>, the defendant in this case was convicted of an offense for which probation is statutorily prohibited. <u>See</u> T.C.A. § 40-35-303(a). In any event, the language from <u>Rhodes</u> upon which the defendant relies has not been followed by this court. Other opinions have failed to recognize any distinction between ineligibility for probation due to the crime committed and ineligibility because of the length of the sentence imposed. <u>See</u> <u>State v. Lanny Crowe</u>, No. 01-C-01-9503-CC-00064, Wayne County, slip op. at 2 (Tenn. Crim. App. July 6, 1995); <u>State v. Scotty G. Kilgore</u>, 03C01-9408-CR-00278, Washington County, slip op. at 2-3 (Tenn. Crim. App. June 13, 1995); <u>State v. Robert Roy Atnip</u>, 01C01-9002-CC-00035, Dekalb County, slip op. at 5 (Tenn. Crim. App. June 20, 1990), <u>app</u>. <u>denied</u> (Tenn. Sept. 24, 1990); <u>see</u> <u>also</u> <u>State v. Boston</u>, 938 S.W.2d 435, 438 n.4 (Tenn. Crim. App. 1996); <u>State v. Haynes</u>, No. 01C01-9512-CC-00412, Giles County, slip op. at 5 n.3 (Tenn. Crim. App. Sept. 13, 1996); <u>State v. Robert Wilson, Alias Tiny</u>, No. 03C01-9209-CR-00305, Blount County, slip op. at 11-12 (Tenn. Crim. App. Mar. 22, 1993).

To qualify for a community corrections sentence under T.C.A. § 40-36-106(c), a defendant must be eligible for probation. <u>Staten</u>, 787 S.W.2d at 936. Because the defendant does not meet this requirement, <u>see</u> T.C.A. § 40-35-303(a), the trial court properly concluded that he is not eligible to receive a community corrections sentence under the special needs provision.

Accordingly, the judgment of the trial court is affirmed.

_____Joseph M. Tipton, Judge

CONCUR:

_____
Joe B. Jones, Presiding Judge

_____
Jerry L. Smith, Judge

5