# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### MAY SESSION, 1997

FILED

August 15, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | No. 01C01-9603-CR-00101 |
| Appellant | ) | |
| | ) | **DAVIDSON COUNTY** |
| vs. | ) | |
| | ) | Hon. THOMAS H. SHRIVER, Judge |
| **ANAND FRANKLIN,** | ) | |
| | ) | **(Aggravated Sexual Battery)** |
| | ) | |
| Appellee | ) | **STATE APPEAL** |

For the Appellee:

**TERRY J. CANADY**
211 Printer's Alley Bldg, Suite 400
Nashville, TN  37201

For the Appellant:

**CHARLES W. BURSON**
Attorney General and Reporter

**KATHY MORANTE**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**VICTOR S. (TORRY) JOHNSON III**
District Attorney General

**BILL REED**
Asst. District Attorney General
Washington Square Building
222 2nd Avenue, N
Nashville, TN  37201

OPINION FILED: _____

REVERSED AND REMANDED

**David G. Hayes**
Judge

**OPINION**

The State of Tennessee appeals the sentencing decision of the Davidson County Criminal Court permitting the defendant, Anand Franklin, to serve his sentence in the local community corrections program. On appeal, the State challenges the eligibility of the defendant for sentencing under the Community Corrections Act.[1]

After review, we reverse the judgment of the trial court and remand.

The defendant, a resident of India, was initially charged with three counts of aggravated rape and one count of aggravated sexual battery upon minor children. At a jury trial, the defendant was found guilty of aggravated sexual battery. The proof at the sentencing hearing established that the defendant was granted entry into the United States for a ninety day period to attend a "seminar." The record suggests that this was in connection with his work as a missionary for the Seventh Day Adventist Church. On the date the offense was committed, the ninety day period had expired, thus, the defendant was in this country illegally. At the sentencing hearing, the defendant requested that he be permitted to return to India. The trial court was also informed that the victim's mother did not oppose the defendant's return to his native country. The State opposed any form of release, arguing instead that the defendant's place of confinement should be the Department of Correction. At the conclusion of the sentencing hearing, the trial court imposed an eight year sentence upon the defendant with placement in the local community corrections program. The order further provided for the defendant's release from jail on March 15, and, as "a condition of the Community Corrections, that he go to India on March 19th." It is from this

_____

[1]As a subissue, the State contests the trial court's authority to impose banishment to India as a form of punishment. In view of our holding that the defendant is ineligible for community corrections sentencing, we find it unnecessary to reach this question.

2

Order that the State now appeals.

Eligibility for sentencing under the Tennessee Community Corrections Act of 1985 is governed by Tenn. Code Ann. § 40-36-106(a) and (c) (1990). In this case, the defendant was convicted of aggravated sexual battery, which is a felony offense "involving [a] crime[ ] against the person as provided in Title 39, . . . Chapter 13, parts 1-5; thus, he is ineligible for community corrections sentencing under subsection (a). Tenn. Code Ann. § 40-36-106(a)(2). In order to be eligible for community corrections sentencing under subsection (c), the offender must be statutorily eligible for probation. State v. Staten, 787 S.W.2d 934, 936 (Tenn. Crim. App. 1989); State v. Crowe, No. 01C01-9503-CC-0064 (Tenn. Crim. App. at Nashville, 1995); State v. Blackburn, No. 02C01-9111-CC-00253 (Tenn. Crim. App. at Jackson, 1993); State v. Wilson, No. 03C01-9209-CR-00305, (Tenn. Crim. App. at Knoxville, 1993).

Tenn. Code Ann. § 40-35-303(a) provides that "[a] defendant shall be eligible for probation . . . if the sentence actually imposed upon such defendant is eight (8) years or less; provided, that a defendant shall not be eligible for probation under the provisions of this chapter if he is convicted of a violation of . . . § 39-13-504."

Because the defendant was convicted of Tenn. Code Ann. § 39-13-504, aggravated sexual battery, he is statutorily ineligible for community corrections sentencing under subsection (c). Accordingly, the defendant's sentence to community corrections is an illegal sentence and must be vacated.

This matter is remanded to the trial court with instructions that the defendant, Anand Franklin, be ordered to serve his sentence of eight years as a Range one offender with the Tennessee Department of Correction.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
PAUL G. SUMMERS, Judge

_____
JERRY L. SMITH, Judge