IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

DECEMBER 1997 SESSION

**FILED**

**May 21, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | No. 01C01-9701-CC-00034 |
| | ) | |
| Appellee | ) | |
| | ) | MARSHALL COUNTY |
| V. | ) | |
| | ) | HON. CHARLES LEE, |
| WILBERT HELLER, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |
| | ) | |
| | ) | |

For the Appellant:

Robert Lee Marlow
Thomas A. Davidson
107-C West Commerce Street
Lewisburg, TN 37091

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Karen M. Yacuzzo
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

W. Michael McCown
District Attorney General

Weakley E. Barnard
Assistant District Attorney
Marshall County Courthouse
Lewisburg, TN 37091

OPINION FILED: _____

AFFIRMED

William M. Barker, Judge

**OPINION**

The appellant, Wilbert Heller, appeals as of right the sentence he received in the Marshall County Circuit Court upon his plea of guilty to the offense of aggravated sexual battery. The trial court sentenced appellant to nine years, six months in the Department of Correction as a Range I offender. Appellant's only issue on appeal is whether he is eligible for community corrections under the special needs provision. See Tenn. Code Ann. §40-36-106(c) (1990). We affirm the judgment of the trial court.

Appellant was indicted for a 1992 aggravated sexual battery and a 1996 attempted aggravated sexual battery of his adopted daughter. After admitting to numerous instances of sexual contact with the victim, he pled guilty on July 3, 1996 to the aggravated sexual battery charge. Pursuant to a plea agreement, the remaining charge was dismissed, but there was no agreement as to his sentence. At a subsequent sentencing hearing, the trial court sentenced appellant to serve nine years, six months in the Department of Correction. It denied appellant's request for community corrections, stating that appellant was an ineligible offender.

When a defendant challenges the length, range, or manner of service of a sentence, we must conduct a *de novo* review of the record. Tenn. Code Ann. §40-35-401(d) (1990). The sentence imposed by the trial court is accompanied by a presumption of correctness and the appealing party carries the burden of showing that the sentence is improper. Tenn. Code Ann. §40-35-401 Sentencing Commission Comments. The presumption, however, is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Because, in this case, the trial court carefully considered the mandates of the Community Corrections Act and applicable law, we accord its judgment the presumption of correctness.

2

Appellant concedes that he is ineligible for community corrections under the minimum criteria set forth in Tennessee Code Annotated section 40-36-106(a). As a sexual offender, appellant committed a crime against a person, which prohibits his placement in such a program. Tenn. Code Ann. §40-36-106(a)(2) (1990).

Nevertheless, appellant argues that he is eligible for community corrections under the special needs provision. Tenn. Code Ann. §40-36-106(c) (Supp. 1990). That section provides:

> Felony offenders not otherwise eligible under subsection (a), and who would be usually considered unfit for probation due to histories of chronic alcohol, drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community rather than in a correctional institution, may be considered eligible for punishment in the community under the provisions of this chapter.

Appellant contends that he qualifies for two reasons: (1) because the legislature has recognized that sexual offenders are mentally ill and in need of treatment; and (2) because expert testimony at the sentencing hearing demonstrated that a program could be developed for his treatment.

The trial court considered these arguments at the sentencing hearing, but determined that applicable case law interpreting the special needs subsection prohibited appellant's eligibility. We agree. This Court has held on numerous occasions that in order to be eligible for community corrections sentencing under subsection (c), the offender must be statutorily eligible for probation. See e.g., State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996); State v. Staten, 787 S.W.2d 934, 936 (Tenn. Crim. App. 1989); State v. Anand Franklin, No. 01C01-9603-CR-00101 (Tenn. Crim. App. at Nashville, August 15, 1997), perm. app. denied (Tenn. 1998); State v. Ronald Wayne Strickland, No. 02C01-9608-CC-00290 (Tenn. Crim. App. at Jackson, July 24, 1997); State v. Reginald Bonner, No. 02C01-9507-CR-00191 (Tenn. Crim. App. at Jackson, August 28, 1996); State v. Lanny Crowe, No. 01C01-9503-CC-00064 (Tenn. Crim. App. at Nashville, July 6, 1995); State v. Scotty G. Kilgore, 03C01-9408-CR-00278 (Tenn. Crim. App. at Nashville, June 13, 1995);

3

State v. Timothy Blackburn, No. 02C01-9111-CC-00253 (Tenn. Crim. App. at Jackson, June 30, 1993), perm. app. denied (Tenn. 1993); State v. Robert Wilson, Alias Tiny, No. 03C01-9209-CR-00305 (Tenn. Crim. App. at Knoxville, March 22, 1993). Appellant is statutorily *ineligible* for probation because his sentence is greater than eight years and he was convicted of aggravated sexual battery. Tenn. Code Ann. §40-35-303(a) (Supp. 1992). As a result, appellant fails to qualify under the special needs provision.[1]

We are also unpersuaded by appellant's argument that the enactment of statutes mandating the standardized treatment of all sex offenders modifies our pervious holdings or otherwise influences his eligibility for community corrections. See Tenn. Code Ann. §§39-13-701 - 709 (Supp. 1995). Those statutes establish a comprehensive system of evaluation, identification, treatment, and continued monitoring of all sex offenders within the criminal justice system whether they are in the department of correction, in community corrections, on probation, or on parole. See Tenn. Code Ann. §§39-13-702(a), 706 (Supp. 1995). One of its specific requirements is that all sex offenders be evaluated "for risk to victims or potential victims, identification, amenability to treatment, and behavior management" and requires that the trial court consider that evaluation in determining the sentence. Tenn. Code Ann. §39-13-705 (Supp. 1995). However, nothing in the plain language of the statute changes a sexual offender's eligibility for community corrections under existing law.

Our review of the record supports the trial court's determination that appellant is not eligible for community corrections under the minimum statutory criteria, nor under the special needs provision of that statute. Accordingly, we affirm appellant's sentence of nine years, six months in the Department of Correction.

---

[1] In view of our above conclusion, it is unnecessary for us to determine whether appellant factually satisfies the requirements for the special needs provision. Therefore, we do not address appellant's argument that he qualifies under the special needs provision because the legislature has classified all sex offenders as "mentally ill persons." See Tenn. Code Ann. §33-6-302 (1984).

_____

WILLIAM M. BARKER, JUDGE


CONCUR:



  (Not Participating)**
JOE B. JONES, JUDGE



_____

DAVID H. WELLES, JUDGE


---

** Judge Jones died on May 1, 1998, following a distinguished career as a trial attorney and as a respected member of this Court since his appointment in November 1986. He will be greatly missed.