# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### NOVEMBER 1998 SESSION



**FILED**

December 21, 1998

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 01C01-9712-CC-00574 |
| Appellee, | ) |
| | ) Cheatham County |
| V. | ) |
| | ) Honorable Robert E. Burch, Judge |
| | ) |
| **CARLOS DEWAYNE PARKER,** | ) (Aggravated Sexual Battery) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

Shipp R. Weems
District Public Defender

Steve Stack
Assistant Public Defender
P.O. Box 160
Charlotte, TN 37036

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Kim R. Helper
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

Dan M. Alsobrooks
District Attorney General

James Kirby
Assistant District Attorney General
P.O. Box 580
Ashland City, TN 37015

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Carlos Dewayne Parker, was indicted by the Cheatham County Grand Jury for various sexual offenses including rape, rape of a child, sexual battery, aggravated sexual battery, and incest. He entered negotiated pleas of nolo contendere to one count each of rape, see T.C.A. § 39-13-503, and aggravated sexual battery, see T.C.A. § 39-13-504. Pursuant to his plea agreement, he received concurrent eight-year sentences for each offense. At a hearing to determine the manner of service of these sentences, the trial court concluded that the appellant was eligible for community corrections under the "special needs" provision of T.C.A. § 40-36-106(c). However, after reviewing the statutory sentencing considerations, see T.C.A. § 40-35-103, and arguments of counsel, the trial court ordered confinement with the Tennessee Department of Correction.

The appellant argues that the trial court abused its discretion in denying a sentence to community corrections. We find that the appellant is ineligible for community corrections and affirm the judgment of the trial court.

To be eligible for consideration of a sentence to community corrections, an offender must meet the requirements of T.C.A § 40-36-106. Subsection (a) of that statute lists the general eligibility criteria and disqualifies persons who, like the appellant, are convicted of "crimes against the person as provided in title 39, chapter 13, parts 1-5." T.C.A. § 40-36-106(a)(2).

Neither is the appellant eligible under the "special needs" provision of subsection (c). See T.C.A. § 40-36-106(c). "Before an offender may be sentenced pursuant to subsection (c), the offender must be found eligible for probation." State v. Grigsby, 957 S.W.2d 541, 546 (Tenn. Crim. App. 1997) (citing State v. Staten, 787 S.W.2d 934, 936 (Tenn. Crim. App. 1989)); see State v. Boston, 938 S.W.2d 435, 438 (Tenn. Ct. App. 1996). The appellant is not eligible for probation. See T.C.A. § 40-35-303 ("a defendant shall not be eligible for probation under the provisions of this chapter if the defendant is convicted of a violation of . . . § 39-13-504"). Therefore, he is not eligible for community corrections.

Because we find that the appellant is ineligible for consideration of a sentence to community corrections, we need not directly address the appellant's argument that the trial court abused its discretion in ordering confinement.

The judgment of the trial court is affirmed.

-3-

_____
PAUL G. SUMMERS, Judge

CONCUR:


_____
JOE G. RILEY, Judge


_____
L. T. LAFFERTY, Senior Judge