IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 20, 2001

## STATE OF TENNESSEE v. ANTONIO DWAYNE JOHNSON

**Circuit Court for Montgomery County**
**No. 39375**

_____

**No. M2000-01505-CCA-R3-CD - Filed June 29, 2001**

_____

### ORDER

The Appellant, Antonio Dwayne Johnson, appeals, *pro se*, the sentencing decision of the Montgomery County Circuit Court revoking his Community Corrections sentence and ordering service of the sentence in the Department of Correction. On March 12, 1998, the Appellant entered an "open" guilty plea to the charge of aggravated robbery by use of a deadly weapon, a class B felony. The trial court subsequently ordered that the Appellant serve his eight year sentence in the Community Corrections program.[1] On March 24, 1999, a violation warrant issued.[2] On appeal, the Appellant argues that the trial court abused its discretion in revoking the Appellant's non-incarcerative status and placing him in the custody of the Department of Correction. We affirm the judgment of the trial court pursuant to Rule 20, Tenn. Ct. Crim. App. R.

On appeal, the State submits that the Appellant has waived all challenges to the revocation by failing to include the transcript of the revocation hearing in the record. We agree. It is the Appellant's duty to ensure that the record on appeal contains all of the evidence relevant to those issues which are the bases of the appeal. See Tenn. R. App. P. 24(b); State v. Banes, 874 S.W.2d 73, 82 (Tenn. Crim. App.1993). This court is unable to consider an issue which is not preserved in the record for review. See Banes, 874 S.W.2d at 82. Accordingly, the Appellant's failure to include a complete transcript of the proceedings forming the basis of this appeal results in waiver to any

---

[1]Although now rendered moot, we note that the trial court's initial placement of the Appellant in the Community Corrections Program was error. The Appellant pled guilty to the violent felony offense of aggravated robbery under Tenn. Code Ann. § 39-13-402. Accordingly, he is not eligible for the Community Corrections Program under Tenn. Code Ann. § 40-36-106(a). Moreover, because he is statutorily ineligible for probation under Tenn. Code Ann. § 40-35-303(a), he also is ineligible for Community Corrections placement under Tenn. Code Ann. § 40-36-106(c) irregardless of any "special needs." State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996); State v. Staten, 787 S.W.2d 934, 936 (Tenn. Crim. App. 1989).

[2]The violation warrant alleged that "Antonio Johnson has failed to maintain stable employment, failed to pay court costs, failed to perform community service work, failed to report to the Day Reporting Center for group sessions, failed to remain arrest free, (Defendant was arrested on March 18, 1999 for Rape)."

challenge of the lower court's rulings. <u>See generally</u> <u>State v. Ballard</u>, 855 S.W.2d 557, 560-61 (Tenn. 1993) (Appellant's failure to provide this court with a complete record relevant to the issues presented for review constitutes a waiver of the issue); <u>State v. Draper</u>, 800 S.W.2d 489, 493 (Tenn. Crim. App. 1990) (appellate court is precluded from considering an issue when the record does not contain a transcript of what transpired in trial court with respect to that issue).

Moreover, the decision to revoke a Community Corrections sentence rests within the sound discretion of the trial court and that decision will not be disturbed on appeal unless there is no substantial evidence to support the trial court's conclusion that a violation has occurred. <u>See</u> <u>State v. Harkins</u>, 811 S.W.2d 79, 82 (Tenn. 1991); <u>see also</u> Tenn. Code Ann. § 40-36-106(e)(4). (Supp. 1999). In the absence of an adequate record on appeal, this court presumes the trial court's rulings were supported by sufficient evidence. <u>See</u> <u>State v. Oody</u>, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

For these reasons, the judgment of the Montgomery County Circuit Court is affirmed in accordance with Tenn. Ct. Crim. App. R. 20. It appearing that the appellant is indigent, the costs of this appeal will be paid by the State of Tennessee.

_____
DAVID G. HAYES, JUDGE


_____
THOMAS T. WOODALL, JUDGE


_____
L. T. LAFFERTY, SENIOR JUDGE