IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 9, 2007

## STATE OF TENNESSEE v. ROGER A. WEAVER, JR.

**Appeal from the Circuit Court for Lauderdale County**
**Nos. 7751 & 7809     Joseph H. Walker III, Judge**

**No. W2006-00786-CCA-R3-CD  - Filed April 25, 2007**

The Appellant, Roger A. Weaver, Jr., appeals the sentencing decision of the Lauderdale County Circuit Court.  Pursuant to the terms of plea agreements stemming from two separate cases, Weaver pled guilty to the crimes of reckless aggravated assault, felony reckless endangerment, and aggravated assault and received an effective sentence of nine years in confinement.  On appeal, Weaver argues that the trial court erred in denying non-incarcerative sentences for each conviction. After review, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J.C. MCLIN, JJ., joined.

Kari I. Weber, Assistant Public Defender, Covington, Tennessee, for the Appellant, Roger A. Weaver, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; and Tracey Brewer-Walker, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

Following an investigation by the Ripley Police Department, the Appellant was charged with felony reckless endangerment and aggravated assault based upon his actions of September 4, 2004. The investigation established that the Appellant and the victim, Chauncey Jones, along with other individuals, had been involved in a fight at the club, Chocolate City.  Later, the Appellant was driven by an accomplice to 362 Lee Street where he proceeded to fire seven shots in an area where adults and children were gathered.  One of the bullets from the Appellant's weapon struck the victim, grazing his arm.  The Appellant admitted to officers that he fired four shots at the victim.  The Appellant was arrested on September 7, 2004, and made bond later that day.

About a month later, the Appellant was again arrested and charged with attempted first degree murder and reckless endangerment. The police investigation established that a shooting had occurred at 337 Moore Street in Ripley on October 15, 2004, and that the Appellant and his co-defendant, Antonio Lake, were involved. The investigation further revealed that the Appellant shot the victim, Chauncey Jones, striking him in the lower abdomen. Jones was airlifted to the Regional Medical Center of Memphis and, six months later, he remained in critical condition at the hospital. The extensive nature of the injuries required the victim to undergo twenty-seven surgeries, including the amputation of his left leg. The Appellant admitted that he shot the victim.

On February 7, 2005, a Lauderdale County grand jury returned a true bill against the Appellant, in case number 7751, for charges arising out of the first incident. This indictment charged the Appellant with aggravated assault, by use of a deadly weapon, a Class C felony, and felony reckless endangerment, a Class E felony. On September 30, 2005, the Appellant pled guilty to the lesser offense of reckless aggravated assault, a Class D felony, and felony reckless endangerment. Under the terms of the plea agreement, the Appellant was sentenced to three years for reckless aggravated assault and two years for felony reckless endangerment. The court ordered these sentences to be served concurrently, for an effective three-year sentence.

On June 6, 2005, a Lauderdale County grand jury returned a true bill against the Appellant, in case number 7809, for charges arising out of the second incident. This indictment charged the Appellant with attempted first degree murder, a Class A felony, and aggravated assault, a Class C felony. Pursuant to the plea agreement, the State dismissed the attempted murder charge and, on February 15, 2006, the Appellant pled guilty to aggravated assault. Under the terms of the second plea agreement, the Appellant agreed to a sentence of six years as a Range I, standard offender. The trial court ordered that the Appellant's six-year sentence be served consecutively to his effective three-year sentence in case number 7751 because the Appellant was on bail for the two previous felony charges at the time he committed the aggravated assault. *See* Tenn. R. Crim. P. 32(c)(3)(C). As a result of the imposition of consecutive sentences, the Appellant received an effective sentence of nine years.

The plea agreement in each case provided that the trial court would determine the manner of service of the Appellant's sentences. On March 3, 2006, the trial court conducted a sentencing hearing and denied the Appellant's request for "probation or alternative sentencing," instead ordering that the sentences be served in the Department of Correction. The two cases were consolidated, and this appeal followed.

**Analysis**

When an accused challenges the length, range, or manner of the service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d) (2006); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all

relevant facts and circumstances." *Ashby*, 823 S.W.2d at 169. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result was preferred. *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The court must consider the evidence received at the trial and the sentencing hearing, the pre-sentence report, the principles of sentencing, arguments of counsel, the nature and characteristics of the offense, mitigating and enhancing factors, statements made by the offender, and the potential for rehabilitation. *Ashby*, 823 S.W.2d at 168; *see also* T.C.A. § 40-35-210 (2006). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d), Sentencing Comm'n Comments.

A defendant convicted of a Class C, D, or E felony and sentenced as a standard offender is "presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." T.C.A. § 40-35-102(6) (2006). In the instant case, the Appellant pled guilty to a Class D felony and a Class E felony in case number 7751 and to a Class C felony in case number 7809. He was sentenced as a standard offender, thus, he is entitled to the presumption in favor of alternative sentencing. A trial court must acknowledge one of the following considerations before imposing a sentence of total confinement:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

T.C.A. § 40-35-103(1)(A) - (C) (2006); *See also State v. Hooper*, 29 S.W.3d 1, 5 (Tenn. 2000); *Ashby*, 823 S.W.2d at 170.

## I.      Community Corrections

The Appellant asserts "the trial judge committed reversible error by denying him probation and all forms of alternative sentencing." Though not specifically argued, we are constrained to note that the Appellant does not satisfy the minimum criteria for placement in a community corrections program because (1) he committed three crimes against persons and (2) these crimes involved the use of a deadly weapon. *See* T.C.A. § 40-36-106(a)(1) (B), (D) (2006). The Community Corrections Act was meant to provide an alternative means of punishment for "selected, nonviolent felony offenders . . . , thereby reserving secure confinement facilities for violent felony offenders." T.C.A.

§ 40-36-103(1). Moreover, the Appellant has failed to establish any "special needs" under the provisions of subsection (c) which would have satisfied the eligibility criteria for community corrections sentencing, notwithstanding ineligibility under subsection (a). *Id.* at (c); *see also State v. Staten*, 787 S.W.2d 934, 936-37 (Tenn. Crim. App. 1989). Thus, we conclude that the Appellant does not meet the minimum criteria for placement in a community corrections program.

## II.     Probation

Although a defendant is entitled to the statutory presumption of alternative sentencing, it is the defendant who bears the burden of establishing suitability for full probation.[1] *State v. Bingham*, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995); *overruled on other grounds*, *State v. Hooper*, 29 S.W.3d 1, 9 (Tenn. 2000).

> The following criteria, while not controlling the discretion of the sentencing court, shall be accorded weight when deciding the defendant's suitability for probation: (1) "the nature and [circumstances] of the criminal conduct involved", Tenn. Code Ann. § 40-35-210(b)(4) (1990 Repl.); (2) the defendant's potential or lack of potential for rehabilitation, including the risk that during the period of probation the defendant will commit another crime, Tenn. Code Ann. § 40-35-103(5) (1990 Repl.); (3) whether a sentence of full probation would unduly depreciate the seriousness of the offense, Tenn. Code Ann. § 40-35-103(1)(B) (1990 Repl.); and (4) whether a sentence other than full probation would provide an effective deterrent to others likely to commit similar crimes, Tenn. Code Ann. § 40-35-103(1)(B) (1990 Repl.).

*Id.* at 456.

The Appellant did not testify at the sentencing hearing. The victim impact statement, which was introduced through the presentence officer, revealed that the victim was hospitalized for ten months and received extensive surgical and medical care. He developed gangrene in the lower part of his left leg, and it was amputated. He is now a paraplegic. The victim described how the aggravated assault had changed his life: "I loss a leg & not able to walk. They say I will never be able to walk again. I had to move back in with my parents and basically have to depend on them as well as other people that are close to me. . . . I had 25 to 30 different types of operations and I haven't had a good night sleep[.]"

The twenty-five-year-old Appellant's criminal history reflects two prior convictions for theft under $500, which occurred in September and November of 2002. He lives with his parents in Ripley and has a four-year-old daughter by a girlfriend.

---

[1]The record does not reflect whether the Appellant was sentenced under the amended probation provisions of Tennessee Code Annotated section 40-35-303(a), effective June 7, 2005, or under the provisions in effect at the time of his offenses; however, under either existing or amended provisions, the Appellant was eligible for probation.

In ordering that the sentences be served in confinement, the trial court found as follows:

> . . . The defendant engaged in gunfire, causing serious bodily injury to a victim.
>
> The defendant has a prior history of convictions. He was on bond for a felony at the time of the commission of the shooting in RD 7809.
>
> The victim is being treated for serious injuries.
>
> The court finds that alternative sentencing is not appropriate in this case, it is therefore ORDERED that the defendant's petition for alternate sentencing is denied. This was a violent offense where a weapon was involved.
>
> The Court further finds that this is not a proper case under subsection c for alternate sentencing.
>
> The Court further finds that probation is not appropriate in this case. Confinement is necessary to protect society and to avoid depreciating the seriousness of these offenses. Measures less restrictive than confinement have been tried in the past.

Based on our *de novo* review, we conclude that the record supports these finding and that the trial court properly denied the Appellant's request for probation. The nature and circumstances of the Appellant's criminal conduct reflects a pattern of ongoing violent behavior. The injuries sustained by the victim are horrendous. Despite the devastating injuries inflicted, the record fails to reflect that the Appellant has accepted any responsibility for his actions or shown even a shred of remorse. The record also reflects that measures less restrictive than confinement have been recently applied unsuccessfully, as evidenced by the Appellant's prior grants of probation. Moreover, the Appellant was on bail for the September 4 crimes when he committed the aggravated assault on October 15. Accordingly, we conclude, as did the trial court, that the Appellant has not met his burden of establishing suitability for probation or any other form of non-incarcerative sentencing.

**CONCLUSION**

Based upon the foregoing, we affirm the Lauderdale County Circuit Court's denial of the Appellant's request for probation or alternative sentencing.

_____
DAVID G. HAYES, JUDGE

-5-