# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## MAY 1997 SESSION

FILED

July 7, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | **C.C.A. NO. 02C01-9605-CR-00174** |
| | ) | |
| | ) | **SHELBY COUNTY** |
| VS. | ) | |
| | ) | **HON. ARTHUR T. BENNETT,** |
| **VERNITA COX,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Sentencing) |

<u>FOR THE APPELLANT:</u>

**MARVIN E. BALLIN**
        and
**MARK A. MESLER**
200 Jefferson Ave., Suite 1250
Memphis, TN   38103

<u>FOR THE APPELLEE:</u>

**JOHN KNOX WALKUP**
Attorney General & Reporter

**MICHAEL J. FAHEY, II**
Asst. Attorney General
450 James Robertson Pkwy.
Nashville, TN  37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**DAVID B. SHAPIRO**
Asst. District Attorney General
Criminal Justice Center -- Third Fl.
Memphis, TN   38103

OPINION FILED:_____

**AFFIRMED AS MODIFIED**

**JOHN H. PEAY,**
Judge

**O P I N I O N**

The defendant pled guilty to one count of robbery, a class C felony. She was originally sentenced as a Range I standard offender to three years confinement. On appeal, this Court remanded "for the imposition of alternative sentencing." Specifically, this Court instructed the court below "to consider split confinement, periodic confinement, and community corrections, and to select the sentencing option which best serves the goals of the Sentencing Act and appellant Cox's rehabilitative needs." On remand, the court below imposed an alternative sentence of probation coupled with periodic confinement. T.C.A. § 40-35-307. The defendant has again appealed, complaining that "the trial court improperly refused to place [her] on Community Corrections." Upon our review of the record, we direct the entry of an order increasing the defendant's period of probation to two and one-half years, and otherwise affirm the judgment below.

At the resentencing hearing, the court below initially indicated its willingness to put the defendant on Community Corrections. The judge changed his mind, however, upon recalling that the defendant had pled guilty to robbery, a violent offense.[1] Community Corrections is not generally available to defendants who have been convicted of a violent felony offense. T.C.A. § 40-36-106(a)(3). Upon being asked by the judge for a recommendation other than Community Corrections, the defendant's lawyer responded, "I would suggest a very minimum sentence under split confinement to be done on the weekends and then followed by a period of probation." The court then determined to suspend all but six months of the defendant's sentence, to be served on the weekends, followed by two years of probation.

---

[1]The offense of robbery is committed upon "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." T.C.A. § 39-13-401(a).

We disagree with the defendant that the court below erred by not placing her on community corrections.  Her conviction is for a violent felony offense.  See State v. Staten, 787 S.W.2d 934, 936 (Tenn. Crim. App. 1989) ("The very act of taking property under threat of bodily harm or death . . . is inherently ‹violent.' ")  Therefore, she is statutorily ineligible for community corrections unless she has certain "special needs." T.C.A. § 40-36-106(c).[2]  The record is devoid of any proof of these "special needs."  The court below was correct in refusing to place the defendant in a community corrections program.  This issue is without merit.

The State contends that the court below sentenced the defendant to only two years and requests this Court to increase her sentence to the minimum period of three years.  See T.C.A. § 40-35-112(a)(3) (the sentencing range for Range I standard offenders convicted of class C felonies is "not less than three (3) nor more than six (6) years.").  The judgment entered against the defendant specifies a sentence of three years.  The weekend sentence order specifies that she must serve six months of this sentence on the weekends.  The probation order provides that, following completion of her confinement, the defendant must then serve two years of probation.  Thus, only two and one-half years of the three year sentence have been accounted for by the court below.  Probation must be for a period of time not less than the minimum sentence allowed under the classification.  T.C.A. § 40-35-303(c) (1996 Supp).

When the State appeals from a sentence, this Court has the authority to "direct the entry of an appropriate order."  T.C.A. § 40-35-402(c).  Accordingly, we direct the court below to enter an order modifying its previous probation order in this case so

---

[2]"Felony offenders not otherwise eligible [for community corrections], and who would be usually considered unfit for probation due to histories of chronic alcohol, drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community rather than in a correctional institution, may be considered eligible for punishment in the community under the provisions of this chapter."

as to require the defendant to serve two and one-half years on probation following completion of the six month period of confinement. The judgment below is otherwise affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:


_____
GARY R. WADE, Judge


_____
THOMAS T. WOODALL, Judge