# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### NOVEMBER SESSION, 1998

FILED

April 8, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9802-CC-00064** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **WILLIAMSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. DONALD P. HARRIS** |
| **ANDRE L. HENDERSON,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Direct Appeal - Aggravated Robbery)** |


**FOR THE APPELLANT:**

LARRY D. DROLSUM
Assistant Public Defender
407 C. Main Street
P. O. Box 68
Franklin, TN  37065-0068

**FOR THE APPELLEE:**

JOHN KNOX WALKUP
Attorney General and Reporter

DARYL J. BRAND
Senior Counsel

KIM R. HELPER
Legal Assistant
425 Fifth Avenue North
Nashville, TN  37243-0493

JOE D. BAUGH, JR.
District Attorney General

DEREK SMITH
Assistant District Attorney
P. O. Box 937
Franklin, TN  37065-0937


OPINION FILED _____

REVERSED AND REMANDED

JERRY L. SMITH, JUDGE

# OPINION

On November 24, 1997, Appellee Andre L. Henderson pled guilty to one count of aggravated robbery. Following a two-day sentencing hearing on January 9 and 20, 1998, the trial court sentenced Appellee as a Range I standard offender to eight years in the Community Corrections Program. On January 22, 1998, the State filed a motion to reconsider sentence. After a hearing, the trial court denied the motion. The State challenges the denial of its motion, raising the following issue: whether a defendant who is convicted of aggravated robbery can be sentenced to a term in the Community Corrections Program. After a review of the record, we reverse the judgment of the trial court.

## FACTS

On June 11, 1997, Appellee entered the Hampton Inn and Suites in Franklin, Tennessee, wearing a stocking over his head and concealing one of his arms with a towel and the other arm with a sock. Appellee then grabbed one of the employees by the arm and pulled her over by the cash register. The employee then opened the cash register because she believed that Appellee had a gun and would shoot her. After the employee opened the cash register, Appellant took money from the drawer and fled the scene in a vehicle. Appellee was apprehended shortly thereafter.

**ANALYSIS**

The State contends that the trial court erred when it sentenced Appellee to Community Corrections. Specifically, the State contends that Appellee was statutorily ineligible to participate in the Community Corrections Program. We agree.

Eligibility for the Community Corrections Program is governed by section 40-36-106 which states, in relevant part:

> (a) An offender who meets all of the following minimum criteria shall be considered eligible for punishment in the community under the provisions of this chapter:
> . . . .
> (2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;
> (3) Persons who are convicted of nonviolent felony offenses;

Tenn. Code Ann. § 40-36-106(a) (Supp. 1998). There is no question that because Appellee pled guilty to the violent felony offense of aggravated robbery under Tennessee Code Annotated section 39-13-402, Appellee is not eligible for the Community Corrections Program under 40-36-106(a).

However, an offender who does not meet the minimum criteria under 40-36-106(a) may still be eligible for Community Corrections under 40-36-106(c), which states:

> (c) Felony offenders not otherwise eligible under subsection (a), and who would be usually considered unfit for probation due to histories of chronic alcohol, drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community rather than in a correctional institution, may be considered eligible for punishment in the community under the provisions of this chapter.

Tenn. Code Ann. § 40-36-106(c) (Supp. 1998). This Court has previously stated that in order to be eligible for the Community Corrections Program under 40-36-106(c), a defendant must first be statutorily eligible for probation. State v. Grigsby, 957 S.W.2d 541, 546 (Tenn. Crim. App. 1997); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996); State v. Staten, 787 S.W.2d 934, 936 (Tenn. Crim. App. 1989).[1] Tennessee Code Annotated section 40-35-303(a) expressly states that "a defendant shall not be eligible for probation under the provisions of this chapter if the defendant is convicted of a violation of . . . § 39-13-402 . . . ." Tenn. Code Ann. § 40-35-303(a) (1997). Thus, there is no question that Appellee was not eligible for the Community Corrections Program under 40-36-106(c).[2]

In short, Appellee was clearly ineligible for the Community Corrections Program under both 40-36-106(a) and (c). Accordingly, we reverse the judgment of the trial court and we remand this case for further proceedings consistent with this opinion.

_____
JERRY L. SMITH, JUDGE

[1] The rationale for this conclusion is that the "waiver of fitness for probation [contained in 40-36-106(c)] is meaningless, unless the normal statutory criteria for probation apply to subsection (c) participants." Staten, 787 S.W.2d at 936.

[2] Although Appellee concedes that he is not eligible for the Community Corrections Program under existing statutory and case law, Appellee claims that excluding him from the program violates his constitutional right to due process and contravenes the intent the legislature had when it enacted the Community Corrections Act. However, Appellee has failed to cite to the record or to any authority in support of this conclusory allegation, and we are unpersuaded that either the federal or state constitutions prohibit the legislature from setting the eligibility standards for the community corrections program in the manner now provided.

CONCUR:

_____
GARY R. WADE, PRESIDING JUDGE


_____
JOHN H. PEAY, JUDGE