IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs November 20, 2002

**STATE OF TENNESSEE v. CLARK DOUGLAS LIVELY**

**Direct Appeal from the Circuit Court for Cheatham County**
**No. 13745     Allen W. Wallace, Judge**

**No. M2002-00666-CCA-R3-CD - Filed December 6, 2002**

The defendant pled guilty to attempted second degree murder, and the trial court imposed a ten-year sentence. He appeals his sentence, arguing he should have received the minimum sentence of eight years with alternative sentencing. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and ALAN E. GLENN, JJ., joined.

Michael J. Flanagan, Nashville, Tennessee, for the appellant, Clark Douglas Lively.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Robert S. Wilson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On January 19, 2001, the defendant stabbed his live-in girlfriend twice in the stomach before stabbing himself. He was indicted for attempted first degree murder and pled guilty to the reduced charge of attempted second degree murder. Following a sentencing hearing, the trial court imposed a ten-year sentence to be served in the Department of Correction. On appeal, the defendant asserts his sentence is excessive, and he should have received the minimum sentence of eight years with alternative sentencing.

**I. STANDARD OF REVIEW**

This court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tennessee Code Annotated section 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

The range of punishment for attempted second degree murder, a Class B felony, is from eight to twelve years for a Range I standard offender. Tenn. Code Ann. § 40-35-112(a)(2). If no mitigating or enhancement factors for sentencing are present, Tennessee Code Annotated section 40-35-210(c) provides that the presumptive sentence for a Class B felony shall be the minimum sentence within the applicable range. State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e); State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Kelley, 34 S.W.3d 471, 479 (Tenn. Crim. App. 2000); *see* Tenn. Code Ann. § 40-35-210, Sentencing Commission Comments.

## II. GUILTY PLEA TRANSCRIPT

The record before this court does not contain a transcript of the guilty plea. In order to conduct an effective appellate review of sentencing, a transcript of the guilty plea hearing is necessary. State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999). The transcript of the guilty plea is usually necessary in order for this court to ascertain the facts and circumstances surrounding the offense. Indeed, the guilty plea hearing is the equivalent of a trial. *Id*. at 843. In the absence of a transcript of a guilty plea, this court must generally conclude that the sentence imposed by the trial court was correct. *Id*. at 844. In any event, the record before this court supports the sentence imposed by the trial court.

## III. PROOF AT SENTENCING

At sentencing, the victim testified that on the day of the offense she advised the defendant by telephone he needed to move out of her house. She stated it was apparent the defendant had been

drinking.  She said she agreed to give him a ride and told him to be ready to leave her home in fifteen or twenty minutes.  The victim testified that when she arrived at her home, accompanied by her teenage son and his girlfriend, the defendant was seated at the kitchen table with a knife in his boot.  According to the victim, the defendant said they needed to talk; when she replied they could talk later, the defendant pushed her against the kitchen cabinet and stabbed her twice in the stomach.  The victim stated the defendant then grabbed her by the hair and threw her into the kitchen table, into the wall, and onto the floor.  She said the defendant then left the room.

The victim testified she attempted to flee, but when the defendant returned to the room, he grabbed her and threw her into a chair.  She stated he then sat down facing her and began to berate her while pointing the knife.  She said she told the defendant she was in pain and needed medical attention, but he replied she was not going to die.  According to the victim, the defendant then stated he was going to die; he then stabbed himself in the chest.

The victim was hospitalized for six days and incurred over $40,000 in medical expenses as a result of her injuries.  The presentence report indicated she continued to have medical problems due to her injuries and also suffered emotional problems as a result of the attack.  At the hearing, the victim said the defendant violated the conditions of his bond and an order of protection by returning to her home following the offense.  According to the presentence report, the victim stated that prior to the offense, the defendant had assaulted her once, had become more controlling, and often drank heavily.

The defendant testified he did not remember the stabbing.  In his statement contained in the presentence report, the defendant reported he had been drinking prior to the offense, but denied being drunk.  According to the presentence report, the defendant attributed the incident to depression and to the victim's "demanding" behavior.  The defendant admitted he violated his bond conditions and an order of protection by going to the victim's home; he explained he understood the order of protection, but did not understand the "seriousness this was."  The proof established the defendant's only other criminal conviction was for violating the order of protection.

## IV.  ENHANCEMENT AND MITIGATING FACTORS

### A. Enhancement Factors

The trial court found three enhancement factors applied: factor (5), the defendant treated the victim with exceptional cruelty; factor (6), the personal injuries inflicted upon the victim were particularly great; and factor (8), the defendant had a previous history of unwillingness to comply with the conditions of a sentence involving release in the community.  *See* Tenn. Code Ann. § 40-35-114(5), (6), (8) (1997).  The trial court stated it did not give much weight to factor (8).  The trial court further found that enhancement factor (9), the defendant possessed a deadly weapon, did not apply because "that is part of assault with intent to commit second degree murder."  *See* Tenn. Code Ann. § 40-35-114(9).

While the defendant does not contend the trial court improperly applied any enhancement factors, we must conclude the trial court erred in its application of enhancement factor (8), the

defendant had a "previous history of unwillingness to comply with the conditions of a *sentence involving release in the community*." *See* Tenn. Code Ann. § 40-35-114(8) (1997) (emphasis added). The record shows the trial court applied this factor because the defendant violated the conditions of his bond by returning to the victim's home. Bail is not a *sentence*; therefore, this enhancement factor was not applicable. Due to this error, we will conduct a *de novo* review of the defendant's sentence without a presumption that the trial court's determinations are correct. Poole, 945 S.W.2d at 96.

Based on the evidence appearing in the record, we conclude the trial court properly applied enhancement factors (5) and (6). *See* Tenn. Code Ann. § 40-35-114(5), (6) (1997). Further, the trial court was mistaken in concluding enhancement factor (9) could not be applied to a sentence for attempted second degree murder. *See* Tenn. Code Ann. § 40-35-114(9) (1997). The use of a deadly weapon is not an essential element of attempted second degree murder, and it may be considered as an enhancement factor. *See* State v. Baxter, 938 S.W.2d 697, 705 (Tenn. Crim. App. 1996). We find this factor to be applicable in the instant case.

### B. Mitigating Factors

The trial court applied mitigating factors (2), the defendant acted under strong provocation, and (8), the defendant was suffering from a mental or physical condition that significantly reduced his culpability. *See* Tenn. Code Ann. § 40-35-113(2), (8) (1997). Although we question the applicability of mitigating factor (2), we need not address its applicability to reach a proper disposition of this case.

### C. Summary

We have determined the trial court erred in applying enhancement factor (8). However, the wrongful application of one or more enhancement factors by the trial court does not necessarily lead to a reduction in the length of the sentence. State v. Winfield, 23 S.W.3d 279, 284 (Tenn. 2000). This determination requires that we review the evidence supporting any remaining enhancement factors, as well as the evidence supporting any mitigating factors. State v. Imfeld, 70 S.W.3d 698, 707 (Tenn. 2002). We also found enhancement factor (9) was applicable, although not applied by the trial court. We conclude the mid-range sentence of ten years was appropriate.

### V. ALTERNATIVE SENTENCING

The defendant further argues he is entitled to alternative sentencing in the form of split confinement. This argument is without merit.

The defendant is not eligible for probation because he has received a sentence of greater than eight years. *See* Tenn. Code Ann. § 40-35-303(a). Further, he is not eligible for the community corrections program. First, he was convicted of a crime against the person using a weapon. *See*

Tenn. Code Ann. § 40-36-106(a)(2), (4). Second, because he is not eligible for probation, he cannot be considered as a candidate for community corrections under the special needs provision of Tennessee Code Annotated subsection 40-36-106(c). State v. Grigsby, 957 S.W.2d 541, 546 (Tenn. Crim. App. 1997); State v. Staten, 787 S.W.2d 934, 936 (Tenn. Crim. App. 1989). There are no sentencing alternatives available to the defendant.

## CONCLUSION

We conclude the trial court misapplied enhancement factor (8) to the defendant's sentence, but erred in not applying enhancement factor (9). After conducting a *de novo* review, we conclude the ten-year sentence imposed by the trial court was proper. Therefore, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE