IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 26, 2002

## STATE OF TENNESSEE v. DONALD E. BRYANT

**Direct Appeal from the Circuit Court for Blount County**
**Nos. C-12490-91, 12745, 12892, C-12953-54     D. Kelly Thomas, Jr., Judge**

**No. E2002-00690-CCA-R3-CD**
**March 10, 2003**

The Appellant, Donald E. Bryant, entered guilty pleas to the offenses of evading arrest, class D felony theft, misdemeanor theft, aggravated burglary, aggravated assault, and two violations of the Motor Vehicle Habitual Offender Act (MVHO). Under the terms of the plea agreement, Bryant received an effective twenty-year sentence as a range II multiple offender for these crimes. The plea agreement provided that the manner of service of the sentences would be submitted to the trial court. Following the sentencing hearing, the trial court ordered the sentences be served in the Department of Correction. On appeal, Bryant argues that the trial court erred in failing to grant him a sentence of community corrections. Finding this argument without merit, the judgment of the Blount County Circuit Court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Raymond Mack Garner, District Public Defender; Shawn G. Graham Assistant Public Defender, for the Appellant, Donald E. Bryant.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Braden H. Boucek, Assistant Attorney General; Michael L. Flynn, District Attorney General; and John Bobo, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

This case presents an ongoing history of criminal activity by the Appellant over a period of eleven months. On October 18, 1999, the Appellant was arrested for two counts of aggravated assault and one count of class A misdemeanor theft. The Appellant was ultimately convicted of

these offenses following a bench trial and received an effective twelve-year sentence. On January 26, 2000, while awaiting trial on these offenses, the Appellant was arrested for evading arrest and violation of the MVHO Act. On February 8, 2000, the Appellant stole assorted construction tools belonging to H & M Construction, which were valued at more than $1,000 but less than $10,000. On March 7, 2000, the Appellant burglarized the habitation of Kent Strait. Two months later, on May 21, 2000, the Appellant was again arrested for being an habitual motor vehicle offender, after driving to the courthouse for an appearance on prior charges. On September 20, 2000, the Appellant stole merchandise from Wal-mart, valued at less than $500. A Wal-mart employee, Paul Thompson, attempted to stop the Appellant from exiting the store, when the Appellant pulled a knife on Thompson and cut his hand.

In June of 2000, a Blount County grand jury indicted the Appellant for the January 26th offenses, evading arrest and being an habitual motor vehicle offender. In July of 2000, the Appellant was indicted for the February 8th offense, class D felony theft, and the March 7th offense, aggravated burglary. Finally, in December of 2000, the Appellant was indicted for the May 21st offense, being an habitual motor vehicle offender, and the September 20th offenses, aggravated assault and class A misdemeanor theft. On February 19, 2002, the Appellant pled guilty to the seven offenses and received an agreed sentence of twenty years[1] to be served consecutively to the 1999 twelve-year sentence. The manner of service of the effective twenty-year sentence was to be determined by the trial court. A sentencing hearing was held, and the trial court imposed a sentence of total confinement. In denying alternative sentencing, the trial court noted as follows:

> [F]irst of all, you have a history of criminal convictions and criminal behavior that is greater than the number of convictions required to establish you as a range-two offender. . . .

> And several of these felonies were committed while you were on bail or other forms of release from other felonies. And you have a history of unwillingness to comply with the conditions of a sentence involving release into the community. All of those things are established by your record.

> The sentences involving confinement are to be reserved for persons who have lengthy criminal histories and show a disregard for the safety of others, who are dangerous offenders. And irrespective of your state of sobriety or state of mind at the time of these offenses, this offense down at Lowe's that preceded these, and the

---

[1] For the June indicted offenses, the Appellant received concurrent sentences of six months for the evading arrest conviction and four years for being an habitual motor vehicle offender. For the July indicted offenses, the Appellant received concurrent sentences of six years for the class D felony theft conviction and six years for the aggravated burglary conviction. Regarding the December indicted offenses, the Appellant received concurrent sentences of eleven-months and twenty-nine days for the class A misdemeanor theft conviction, four years for being an habitual motor vehicle offender, and six years for the aggravated assault conviction. The June, July, and December indicted offenses were ordered to run consecutively for an effective twenty-year sentence.

offenses at Walmart, show that in the state you were in at the time, that your actions were just dangerous.

A sentence other than confinement would depreciate the seriousness of these offenses. . . .

[D]uring the year preceding this last arrest, the only thing that you did, when you had the opportunity to be out, was to commit more serious criminal offenses. . . .

This appeal followed.

## ANALYSIS

The Appellant contends that the trial court erred in finding him ineligible for placement in a program of community corrections. When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby*, 823 S.W.2d at 169. When conducting a *de novo* review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the pre-sentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the Appellant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210 (1997); *Ashby*, 823 S.W.2d at 168. Furthermore, we emphasize that facts relevant to sentencing must be established by a preponderance of the evidence and not beyond a reasonable doubt. *State v. Winfield*, 23 S.W.3d 279, 283 (Tenn. 2000) (citing *State v. Poole*, 945 S.W.2d 93, 96 (Tenn. 1997)).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and made findings of fact that are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. *State v. Pike*, 978 S.W.2d 904, 926-27 (Tenn. 1998); *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). However, where the trial court fails to comply with the statutory provisions of sentencing, appellate review is *de novo* without a presumption of correctness.

A defendant "who is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (1997). The Appellant was sentenced as a range II multiple offender and, thus, was not entitled to the presumption of alternative

sentencing. Moreover, the Appellant has a criminal history evincing a clear disregard for the laws of society and a failure of past efforts at rehabilitation. *See* Tenn. Code Ann. § 40-35-103(1)(A), (C) (1997).

The Community Corrections Act was meant to provide an alternative means of punishment for "selected, nonviolent felony offenders . . ., thereby reserving secure confinement facilities for violent felony offenders." Tenn. Code Ann. § 40-36-103(1) (1997). The Appellant concedes that, because he was convicted of a violent offense, he does not satisfy the minimum criteria for placement on community corrections under the general provisions of Tennessee Code Annotated § 40-36-106(a) (Supp. 2002); nonetheless, he argues that he is eligible, under the provision of Tennessee Code Annotated § 40-36-106(c), on the basis that his drug abuse is a "special need." Tennessee Code Annotated § 40-36-106(c) provides:

> Felony offenders not otherwise eligible under subsection (a), and who would be usually considered unfit for probation due to histories of chronic alcohol, drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community rather than in a correctional institution, may be considered eligible for punishment in the community under the provisions of this chapter.

Under subsection (c), if the Appellant is statutorily ineligible for probation, he is *per se* ineligible for community corrections. *State v. Kendrick*, 10 S.W.3d 650, 655 (Tenn. Crim. App. 1999); *State v. Grisby*, 957 S.W.2d 541, 546 (Tenn. Crim. App. 1997); *State v. Boston*, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996); *State v. Staten*, 787 S.W.2d 934, 936 (Tenn. Crim. App. 1989). An offender is eligible for probation if he is sentenced to eight years or less and has not been convicted of a few excluded offenses. Tenn. Code Ann. § 40-35-303(a) (Supp. 2002). Under the plea agreement, the Appellant's total sentence was twenty years; however, no individual sentence was greater than six years and, therefore, the Appellant would be eligible for probation. *See* Tenn. Code Ann. § 40-35-303 (1997), Sentencing Commission Comments. Accordingly, we must determine whether the Appellant meets the other requirements of subsection (c).

A determination that the Appellant is suitable for placement in the program also requires the following findings of fact: (1) the offender has a history of chronic alcohol, drug abuse, or mental health problems, (2) these factors were reasonably related to and contributed to the offender's criminal conduct, (3) the identifiable special need (or needs) are treatable, and (4) the treatment of the special need could be served best in the community rather than in a correctional institution. *Boston*, 938 S.W.2d at 439. The proof adduced at the sentencing hearing established that the Appellant has a long history of drug abuse. The only notable periods of sobriety have been while the Appellant was incarcerated. While this drug abuse may have contributed to the Appellant's criminal conduct, the specific nature of the conduct was not reasonably related to his drug abuse. For example, violence against the Wal-mart employee was not reasonably related to drug abuse. Driving a motor vehicle to the courthouse for a court appearance is likewise not reasonably related to drug abuse. We agree with the trial court that, given the Appellant's criminal history and the

-4-

increasing severity of his crimes, the Appellant's drug problem would best be treated in a correctional facility rather than allowing the Appellant to remain a danger to the community.

The Appellant has not met his burden in this case. The Appellant has a long history of criminal conduct, rendering confinement necessary to protect society from additional criminal behavior by the Appellant. Furthermore, measures less restrictive than confinement, including probation and community corrections, were repeatedly and unsuccessfully applied to the Appellant. Accordingly, we conclude that the Appellant is unsuitable for community corrections on a "special needs" basis.

## CONCLUSION

For the above reasons, we conclude that the trial court's decision denying the Appellant a sentence of community corrections was proper. The judgment of the trial court is affirmed.

_____
DAVID G. HAYES, JUDGE