IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 16, 2003

## STATE OF TENNESSEE v. THOMAS MARION HARDIN

**Direct Appeal from the Circuit Court for Marshall County**
**Nos. 15334 & 15336    Charles Lee, Judge**

---

**No. M2003-01126-CCA-R3-CD - Filed February 27, 2004**

---

Defendant, Thomas Marion Hardin, entered "open" pleas of guilty to two counts of sale of cocaine in an amount of 0.5 grams or more, and one count of conspiracy to sell cocaine in an amount of 0.5 grams or more.  Following a sentencing hearing, the trial court sentenced Defendant to serve ten years as a Range I standard offender for each Class B felony conviction for sale of cocaine, and to four years to serve as a Range I standard offender to the Class C felony conviction for conspiracy. The sentences for the sale of cocaine convictions were ordered to be served concurrently with each other, and the conspiracy charge was ordered to be served consecutively to the convictions for sale of cocaine.  Therefore, the effective sentence was fourteen years of confinement.  In his sole issue on appeal, Defendant argues that the trial court erred by not ordering his sentence to be served in the Community Corrections Program, rather than by incarceration.  After a review of the briefs of the parties and the entire record, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOE G. RILEY and NORMA MCGEE OGLE, JJ., joined.

Donna Leigh Hargrove, District Public Defender; and Andrew Jackson Dearing, III, Assistant Public Defender, Shelbyville, Tennessee, for the appellant, Thomas Marion Hardin.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; William Michael McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, the State of Tennessee.

### OPINION

At the plea submission hearing, it was presented to the trial court that on August 18, 2002, Defendant was approached by a confidential informant of the 17th Judicial District Drug Task Force in Lewisburg, and Defendant sold 0.7 grams of a substance containing crack cocaine to the confidential informant.  Again, on September 6, 2002, Defendant sold 0.6 grams of a substance

containing cocaine to a confidential informant of the Drug Task Force. At the time of the sentencing hearing, Defendant was forty-seven years old and had been married to his wife for almost five years. They did not have any children together, but Defendant had one daughter who was twenty-nine years old.

Defendant admitted that he had been "delivering" cocaine for another individual during a time period that Defendant was addicted to crack cocaine. He had been addicted approximately two years. He obtained the crack cocaine that he personally used by delivering cocaine for Ronnie Thomison, a/k/a Ron Ron. If he had been purchasing the cocaine for himself on the street, it would have cost between $100.00 and $300.00. The amount of crack cocaine he obtained depended upon how many deliveries he made. His one prior felony conviction occurred when he was nineteen years old. However, he had numerous misdemeanor bad check convictions in 1999 and 2000. Defendant admitted that he wrote the bad checks in order to have money to obtain cocaine. Defendant finished the tenth grade in high school and dropped out. He had not yet obtained his GED, but was taking classes while incarcerated and awaiting sentencing.

Defendant was admitted to a drug rehabilitation facility, Buffalo Valley, from June 1, 2000, to July 1, 2000. Shortly after his discharge from the facility, he began using cocaine again. At the time of his arrest on these charges, Defendant was employed as a painter, making approximately $8.00 per hour and working from thirty-five to forty hours per week. He had also worked for Krystal and at Ledford Employee Exchange. Defendant asserted that he was able to hold down a job and also use cocaine because he "had to." He gave the money he earned to his wife to help pay for rent and other necessities.

Defendant acknowledged that what he had done was wrong and testified that he was sorry for his conduct. He stated that if he could be placed in Community Corrections, he would gladly submit to random drug screens and other restrictions. He was also willing to participate in more inpatient treatment. On cross-examination, Defendant admitted that he had sold or delivered crack cocaine approximately twenty-five times to ten different people. He clarified the statement that this was approximately twenty-five different days that he sold and delivered cocaine and testified that he had delivered seven or eight times in one day.

The presentence report was admitted into evidence at the sentencing hearing. It shows that Defendant has six prior misdemeanor convictions for violations of the bad check law, one misdemeanor conviction for possession of marijuana, and two violations of probation, one from Lewisburg City Court and one from Marshall County General Sessions Court. These dispositions occurred from 1999 through 2003. The presentence report reflects that he was convicted of first degree burglary, a felony, in Indiana, in 1975 and was incarcerated for that offense.

In his brief, Defendant asserts that the trial court erred by not placing him on Community Corrections. He requests this Court, in the alternative to placing him on Community Corrections, to decrease the sentences imposed. However, he does not challenge the applicability of any of the enhancement factors and does not otherwise argue as to why the sentences should be reduced.

Therefore, we will address only the issue of whether the trial court erred by not placing Defendant in the Community Corrections Program rather than ordering him to serve his sentences by incarceration.

The trial court, in determining that Defendant should serve his sentences by incarceration, found that Defendant has an addiction which Defendant claims cannot be overcome, that Defendant has been in the criminal justice system "on numerous occasions," and has frequently and recently been subjected to measures less restrictive than confinement, which have been unsuccessfully applied to him. The trial court also found that Defendant had not furthered his education after dropping out of high school. Despite the fact that a Lewisburg detective, with thirteen years experience in law enforcement (with several of those years being in narcotics investigation), testified about the increasing number of unlawful acts pertaining to crack cocaine in Marshall County, the trial court did not find that deterrence was a basis for denying Community Corrections.

The trial court found the following enhancement factors under Tennessee Code Annotated section 40-35-114: (2) the defendant has a history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, (9) the defendant has a history of unwillingness to abide by conditions of release into the community, (11) the defendant had no hesitation about committing a crime when the risk to human life was high, and (17) the crime was committed under circumstances under which the potential for bodily injury to a victim was great. *See* Tenn. Code Ann. § 40-35-114 (2003).

The trial court applied little weight to factors (11) and (17). The trial court gave significant weight to the two remaining enhancement factors. It appears from the record that the only mitigating factor applied by the court, under Tennessee Code Annotated section 40-35-113(13), was that Defendant admitted his guilt by pleading guilty.

A defendant who challenges his or her sentence has the burden of proving the sentence imposed by the trial court is improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). It is this court's duty to conduct a *de novo* review of the record with a presumption the trial court's determinations are correct when a defendant appeals the length, range, or manner of service of his or her sentence. Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999).

The Community Corrections Act establishes a program of community-based alternatives to incarceration for certain eligible offenders. *See* Tenn. Code Ann. § 40-36-103. A defendant is eligible for participation in a community corrections program if the defendant satisfies several minimum eligibility criteria set forth at Tennessee Code Annotated section 40-36-106(a)(1)(A)-(F). The Act does not provide that all offenders who meet these requirements are entitled to such relief. *State v. Grandberry*, 803 S.W.2d 706, 707 (Tenn. Crim. App. 1990). Indeed, Tennessee Code

Annotated section 40-36-106(d) provides that the eligibility criteria shall be interpreted as minimum standards to guide the court's determination of eligibility of offenders under the Act.

"[A]n offender who does not meet the minimum criteria under Tennessee Code Annotated section 40-36-106(a) *and* is considered unfit for probation due to substance abuse or mental problems may still be eligible for community corrections under Tennessee Code Annotated section 40-36-106(c). *State v. Grigsby*, 957 S.W.2d 541, 546 (Tenn. Crim. App. 1997) (emphasis in original). However, before a defendant may be sentenced pursuant to Tennessee Code Annotated section 40-36-106(c), he or she must be found eligible for probation. *Id*. at 546; *State v. Staten*, 787 S.W.2d 934, 936 (Tenn. Crim. App. 1989). The trial court must also find that: (1) the offender has a history of chronic alcohol abuse, drug abuse, or mental health problems; (2) these factors reasonably related and contributed to the offender's criminal conduct; (3) the identifiable special need(s) are treatable; and (4) the treatment could be best served in the community rather than a correctional institution. *Grigsby*, 957 S.W.2d at 546-47; *State v. Boston*, 938 S.W.2d 435, 439 (Tenn. Crim. App. 1996).

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also Ashby*, 823 S.W.2d at 169; *Grigsby*, 957 S.W.2d at 545.

A court may also consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and 114 as they are relevant to the § 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5); *Boston*, 938 S.W.2d at 438. Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); *Boston*, 938 S.W.2d at 438. A trial court is in the best position to determine a defendant's amenability to community corrections because of its ability to observe the defendant's demeanor and characteristics first hand. *Grigsby*, 957 S.W.2d at 547.

Defendant is not entitled to be placed on Community Corrections under the "special needs" provision of Tennessee Code Annotated section 40-36-106(c). Before being placed in Community Corrections under that provision, Defendant must be eligible for regular probation. *Staten*, 787 S.W.2d at 936-37; *State v. Cowan*, 40 S.W.3d 85, 86 (Tenn. Crim. App. 2000). His ten-year sentence for sale of cocaine precludes him from being eligible for probation, since it exceeds an eight-year sentence. *See* Tenn. Code Ann. § 40-35-303(a).

Defendant had two Class B felony convictions and one Class C felony conviction. Although a defendant is normally entitled to a presumption of being a favorable candidate for alternative sentencing options if convicted of a Class C felony, as a standard or mitigated offender, this presumption does not exist for Defendant because he was also convicted of Class B felonies. Clearly, the presumption would not exist if the Class C felony was ordered to be served concurrently with the Class B felony. The fact that the Class C felony was ordered to be served consecutively to the Class B felony, a more harsh sentence, should not warrant consideration of the Class C felony presumptively in favor of alternative sentencing.

It is apparent from Defendant's prior criminal record that measures less restrictive than incarceration have recently been unsuccessfully applied to Defendant. In addition, despite receiving inpatient treatment for his addiction, he was unable to rehabilitate successfully. Based upon the foregoing, we conclude that Defendant is not entitled to relief in this appeal.

## CONCLUSION

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
THOMAS T. WOODALL, JUDGE