IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 5, 2008

## STATE OF TENNESSEE v. HEATH BRENT CLARK

**Appeal from the Circuit Court for Marshall County**
**No. 17332, 17333, 17334, 17335    Robert Crigler, Judge**

_____

**No. M2007-00461-CCA-R3-CD - Filed June 16, 2008**

Appellant, Heath Brent Clark, was indicted by the Marshall County Grand Jury for multiple offenses including burglaries, thefts, vandalism and evading arrest. He pled guilty to all the charges. At a sentencing hearing, Appellant was sentenced as a Range II multiple offender to an effective sentence of eighteen years. Appellant asserts on appeal that the trial court improperly denied an alternative sentence and that consecutive sentencing was excessive given the fact that the offenses all occurred during a twenty-four hour period of time. We conclude that the trial court properly denied alternative sentencing and that despite Appellant's waiver of the issue regarding consecutive sentencing, the trial court properly ordered consecutive sentencing. Therefore, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and DAVID H. WELLES, J., joined.

Jheri Beth Rich, Lewisburg, Tennessee, for the appellant, Heath Brent Clark.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Mike McCowen, District Attorney General and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In September of 2006, Appellant was indicted by the Marshall County Grand Jury in a multi-count indictment in four separate cases. In case number 17332, Appellant was indicted for one count of burglary, a Class D felony, in violation of Tennessee Code Annotated section 39-14-402, and two counts of theft of property valued at less than five hundred dollars, a Class A misdemeanor, in violation of Tennessee Code Annotated section 39-14-103. In case number 17333, Appellant was

indicted for one count of burglary, a Class D felony, in violation of Tennessee Code Annotated section 39-14-402, and two counts of theft of property valued at less than five hundred dollars, a Class A misdemeanor, in violation of Tennessee Code Annotated section 39-14-103. In case number 17334, Appellant was indicted for two counts of theft of property valued between $10,000 and $60,000, a Class C felony in violation of Tennessee Code Annotated section 39-14-408, one count of vandalism causing damage between $500 and $1,000 dollars, a Class E felony, in violation of Tennessee Code Annotated section 39-14-408, and one count of evading arrest, a Class D felony, in violation of Tennessee Code Annotated section 39-16-603. In case number 17335, Appellant was indicted for two counts of theft of property valued between $10,000 and $60,000, a Class C felony, in violation of Tennessee Code Annotated section 39-14-103.

On November 8, 2006, Appellant pled guilty to all of the charges with no agreement as to sentencing. At the guilty plea hearing, the State submitted that if the case had proceeded to trial, the following facts would have been revealed:

[O]n or about the 21st of August, 2005, [Appellant] entered into Video Mania which is located on East Commerce here in Lewisburg, Tennessee and stole $64 in tanning lotion and approximately $100 in cash. This was after the business was closed for the evening. [Appellant] was caught on the video surveillance tape of the business.

Also that night [Appellant] broke into On the Run Market, which is located on Highway 50, which is also within the city limits of Lewisburg. And there he took or it is alleged that he took $17.90 and a carton of cigarettes and also again [Appellant] was caught on surveillance video inside of the store after business hours.

Sometime after the burglaries occurred and the Lewisburg Police Department was investigating burglaries, [Appellant] was apprehended; placed in the back seat - - that would be case 17332 is On the Run Market, . . . .

After he was taken into custody [Appellant] was placed in the back seat of a Marshall County Sheriff's Department patrol car being operated by Capt. Phil Blackwell. Placed in the back seat, handcuffed.

Unfortunately, Capt. Blackwell left the window on his cage open and [Appellant] slipped through that window and took off in the sheriff's department's car, patrol car, at which time there was a pursuit started with [Appellant] around the county.

At some point in time [Appellant] abandoned the patrol car, but during that pursuit the vehicle was vandalized or damage done to the patrol car.

That would be case 17334.

-2-

After abandoning the patrol car, [Appellant] went to 3031 Franklin Pike and stole the pickup truck of Mr. Terry Dunnivant and drove it to Nashville and left it at a business in Nashville. That vehicle was recovered after Detective Norman Dalton talked to a relative or friend of [Appellant's] and told them that vehicle could be found in the parking lot of a business in Nashville. Detective Dalton went to the parking lot of the business and recovered the stolen pickup truck.

At the sentencing hearing, the trial court heard testimony from Beth Flatt, the preparer of Appellant's presentence report. According to Ms. Flatt, the statements of the codefendants indicated that Appellant was the leader in the commission of the offenses. Appellant was eventually apprehended in Alabama. Ms. Flatt informed the trial court that Video Mania was owed $664 in restitution and that On the Run Market was owed $517.90 in restitution. Additionally, there was $714.19 in damage to the patrol car as a result of Appellant's actions.

According to the testimony of Ms. Flatt and the presentence report, Appellant was previously on probation in Indiana. Further, the record revealed that Appellant had violated probation on at least two occasions. Appellant had convictions for burglary, felony theft, felony burglary, felony resisting arrest, and a felony for carrying an unlicensed handgun in the state of Indiana. According to the presentence report, Appellant was released from the penitentiary in 2001 and was on probation until February or March of 2005, prior to committing the offenses at issue herein in August of 2005. Appellant admitted to Ms. Flatt that he used cocaine while on probation. Further, Appellant admitted that he used marijuana, cocaine, methamphetamine, and pain pills.

Appellant had a sporadic work history that included several short-term jobs. Appellant reported that he served at least three years in the Navy and reached the rank of E4 prior to receiving a general discharge. Appellant admitted that he was reprimanded several times while in the Navy for dereliction of duty and getting into an altercation.

Appellant testified that he had previously received drug treatment but that, at the time of the offenses, was taking illegal medications and had mental problems. Appellant admitted that he left "rehab" just prior to the offenses because he was in love with the codefendant. When he and the codefendant left "rehab," they were living at his sister's house until his sister asked them to leave. Then the two stayed in a hotel. According to Appellant, his girlfriend, the codefendant, was trying to start a business as a "hooker."

Appellant stated that he was usually taking medications such as Lypressin, Haldol, Elavil, and Triavil to treat schizoaffective disorder but that he stopped taking his medication because it caused him problems with alertness. Appellant told the trial court that he and the codefendant discussed the burglaries and that he made a choice to commit the burglaries because he thought that it would help him with his relationship with the codefendant. On the night of the offenses, Appellant was drinking beer and had been awake for 30-32 hours prior to the crime because he had smoked crack.

Appellant, however, claimed that he "found the Lord" while incarcerated and had turned his life around. Appellant admitted to the trial court that he had attended a lot of treatment and twelve-step programs to deal with his addictions. Appellant also admitted that he had violated probation on previous occasions.

The trial court sentenced Appellant as a Range II multiple offender because of his prior convictions. The trial court applied enhancement factor (1) because of Appellant's previous history of criminal convictions and criminal behavior. T.C.A. § 40-35-114(1). The trial court also applied enhancement factor number (8) because Appellant failed to comply with conditions of a sentence involving release into the community. T.C.A. § 40-35-114(8). The trial court also noted that Appellant assisted the authorities in locating the stolen truck and took that into consideration as a mitigating factor in case number 17335. *See* T.C.A. § 40-35-113(10). Also, the trial court applied mitigating factor (1), that Appellant's conduct neither threatened nor caused serious bodily injury, in case numbers 17332 and 17333. T.C.A. § 40-35-113(1).

The trial court later determined the following with regard to Appellant's sentence:

I am going to find that you are, under 40-35-115, an offender whose record of criminal activity is extensive and thus you are subject to possible consecutive sentencing.

You have four cases. I am going to have to address them all separately. On 17332, count 1 is a D burglary. Count 2 and 3 are misdemeanor thefts. Count 3 will merge with count 2. I am going to set your sentence at 8 years on that as Range II multiple offender on count 1. The theft under $500, 11/29 at 75 percent. Count 2 theft will be concurrent with count 1.

In case 17333 on count 1, that is a D burglary also. I am going to set that at 8 years as a Range II multiple offender. Count 2 is a misdemeanor theft, 11/29 at 75 percent concurrent with count 1. Count 3 merges with count 2.

Those two burglaries run concurrently with one another so that is 8 years effectively on those two multiple offender as Range II.

In 17334 count 1 is a C theft. Your range is 6 to 10. Set your sentence at 10 years on that.

Count 2 merges with count 1. It is an alternate theory of theft.

Count 3 is an E felony vandalism. Set your sentence at 4 years on that and run it concurrently with count 1.

Count 4, the evading arrest is a D felony, 4 to 8.

-4-

Set your sentence at 8 years on that. Run it concurrently with count 1.

In 17335, count 1 is a C theft.

Count 2 is an alternate theory.

Count 2 merges with count 1.

Set your sentence at 10 years as a Range II multiple offender on count 1. Run the two 10 year sentences concurrently with one another but consecutive to the eight year sentence.

So an effective sentence of 18 years as a Range II multiple offender.

*Analysis*

On appeal, Appellant first argues that "the more appropriate sentence in this case would be community corrections" because he did not harm any persons and committed the crimes as a result of his "drug addiction." The State counters that Appellant has failed to show that the trial court incorrectly denied alternative sentencing.

*Alternative Sentencing*

In regards to alternative sentencing, Tennessee Code Annotated section 40-35-102(5) provides as follows:

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal history evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration.

A defendant who does not fall within this class of offenders "and who is an especially mitigated offender or standard offender convicted of a Class C, D or E felony should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." T.C.A. § 40-35-102(6) (2006).[1]

In determining a defendant's suitability for a non-incarcerative sentencing alternative, the court should consider whether:

_____

[1]The 2005 amendment removed the language that provided that the described offenders were presumptively eligible for alternative sentencing in the absence of evidence to the contrary and made the guidelines "advisory" in nature.

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

T.C.A. § 40-35-103(1)(A)-(C). The court should also consider the defendant's potential for rehabilitation or treatment in determining the appropriate sentence. T.C.A. § 40-35-103(5).

Appellant herein pled guilty to eight felonies and four misdemeanors. Based upon Appellant's classification as a Range II multiple offender, however, Appellant is not a favorable candidate for alternative sentencing. Appellant has a long history of criminal conduct. Further, as the record shows he has violated probation in the past on at least two occasions, Appellant does not display suitability for probation. T.C.A. § 40-35-103. Because Appellant was convicted of a non-violent felony offense, however, he is eligible for, but not automatically entitled to, a community corrections sentence. T.C.A. § 40-36-106(a); *State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App.1991).

*Community Corrections*

The Community Corrections Act was meant to provide an alternative means of punishment for "selected, nonviolent felony offenders . . . , thereby reserving secure confinement facilities for violent felony offenders." T.C.A. § 40-36-103(1); *see also State v. Samuels*, 44 S.W.3d 489, 492 (Tenn. 2001). Pursuant to statute, offenders who satisfy the following minimum criteria are eligible for participation in a community corrections program:

(A) Persons who, without this option, would be incarcerated in a correctional institution;

(B) Persons who are convicted of property-related, or drug- or alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parties 1-5;

(C) Persons who are convicted of nonviolent felony offenses;

(D) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

(E) Persons who do not demonstrate a present or past pattern of behavior indicating violence; [and]

(F) Persons who do not demonstrate a pattern of committing violent offenses[.]

T.C.A. § 40-36-106(a). Persons who are sentenced to incarceration or who are on escape at the time of consideration will not be eligible, even if they meet these criteria. *Id.*

In the case herein Appellant has a lengthy history of criminal behavior that has remained undeterred despite numerous probationary sentences. This alone makes him an unsuitable candidate for any alternative sentence to incarceration. *See* T.C.A. §§ 40-35-103(1)(A) to (C). Section (c) of this same statute, which is sometimes referred to as the "special needs" provision, states:

Felony offenders not otherwise eligible under subsection (a), and who would be usually considered unfit for probation due to histories of chronic alcohol, drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community rather than a correctional institution, may be considered eligible for punishment in the community under the provisions of this chapter.

In other words, felons not otherwise eligible under the criteria of subsection (a) are eligible under subsection (c) of Tennessee Code Annotated section 40-36-106 if they are unfit for probation due to a history of chronic alcohol or drug abuse or mental health problems, but their special needs are better treatable in a community corrections program than in incarceration. An offender must also be eligible, but generally unfit for probation in order to qualify for a community corrections sentence under subsection (c). *State v. Staten*, 787 S.W.2d 934, 936 (Tenn. Crim. App. 1989).

Even though Appellant was statutorily eligible for a community corrections sentence under sections 40-36-106(a) and, arguably, (c), his criminal history and conduct indicate a lack of potential for rehabilitation. He admits that he has violated probation on at least two occasions, he has a poor social and work history, he used drugs and alcohol while on probation, and previous attempts at rehabilitation have proven unsuccessful. Moreover, Appellant has failed to prove that his special needs could be better met in a community corrections setting as opposed to an incarcerative one. Under these circumstances the trial court's determination that Appellant is not entitled to an alternative sentence or a community corrections sentence is amply supported by the record.

*Consecutive Sentencing*

Appellant also argues that the trial court erred in ordering consecutive sentencing. Appellant's entire argument on this issue is that his sentences "should run concurrent with one another due to the fact that all of the crimes were committed in less than a twenty-four hour period and should be considered as a common scheme or plan." The State argues that Appellant has waived this issue for failure to cite to authority.

We agree with the State. Tennessee Rule of Appellate Procedure 27(a)(7) provides that a brief shall contain, "[an] argument . . . setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on." Tennessee Court of Criminal Appeals Rule 10(b) states that, "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." *See also State v. Sanders*, 842 S.W.2d 257, 260-61 (Tenn. Crim. App. 1992). Appellant does not accompany his blanket complaint about his sentence with any argument. This issue is waived.

Despite the waiver, we note that a trial court may impose consecutive sentencing upon a determination that one or more of the criteria set forth in Tennessee Code Annotated section 40-35-115(b) exists. One of the provisions allowing consecutive sentencing provides that consecutive sentencing is warranted if the defendant is "an offender whose record of criminal activity is extensive." T.C.A. § 40-35-115(b)(2). Additionally, whether sentences are to be served concurrently or consecutively is a matter addressed to the sound discretion of the trial court. *State v. Hastings*, 25 S.W.3d 178, 181 (Tenn. Crim. App. 1999). Appellant's previous criminal convictions justified the imposition of consecutive sentencing. The presentence report indicates that Appellant had an extensive criminal history, including two convictions for burglary, one conviction for resisting arrest, two probation violations, one conviction for carrying a handgun without a license, and one conviction for theft. Appellant had so many prior convictions, in fact, that he was a Range II multiple offender for sentencing purposes. Further, this Court has determined that an extensive criminal history, standing alone, is enough to justify the imposition of consecutive sentencing. *State v. Adams*, 973 S.W.2d 224, 231 (Tenn. Crim. App. 1997); *State v. Kenneth Threalkill*, No. M2006-00555-CCA-R3-CD, 2007 WL 1628870, at *5 (Tenn. Crim. App., at Nashville, June 6, 2007). Appellant is not entitled to relief on this issue.

*Conclusion*

In light of the foregoing, the judgments of the trial court are affirmed.

_____
JERRY L. SMITH, JUDGE