IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1999 SESSION

FILED

March 9, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 03C01-9804-CR-00138 |
| Appellee, | * | HAMBLEN COUNTY |
| VS. | * | Hon. John K. Byers, Senior Judge |
| ROBERT EUGENE PFOFF, SR., | * | (Two Counts of Sexual Battery) |
| Appellant. | * | |

For Appellant:

Paul G. Whetstone
Attorney
502 North Jackson Street
Morristown, TN 37814

For Appellee:

John Knox Walkup
Attorney General and Reporter

Eric W. Dabb
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN 37243

Victor Vaughn and John Dugger
Assistant District Attorneys General
519 Allison Street
Morristown, TN 37814

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

The defendant, Robert Eugene Pfoff, Sr., was convicted on two counts of sexual battery, a Class E felony.[1]  The trial court imposed concurrent Range I sentences of one year on each count, to be served in confinement, and denied any form of alternative sentence.

In this appeal of right, the defendant argues that the trial court should have granted probation, placement into a Community Corrections program, or some other form of alternative sentence.  We affirm the judgment of the trial court.

The defendant, the legal guardian and custodian of his sixteen-year-old granddaughter, was charged with sexual battery for incidents occurring April 13 and May 8 of 1995.  The defendant and his wife, Johnnie Pfoff, who had been married for forty-seven years, had been granted legal custody of the victim approximately six months before the incidents occurred.  The defendant admitted to the following facts contained in Count One of the indictment:

> I walked into [the victim's] bedroom.  [She] was lying on her stomach with her clothes on.  [She] had on blue jeans and a black sweater.  I asked [her] if she wanted me to rub her back and she said it was [okay].  I'm not sure w[h]ere I started rubbing on top of her sweater or under her sweater.  I know I rubbed under her sweater because I undid her bra strap.  [She] said raise up my arm is pinned so [she] turned over.  [Her] sweater was up over her breasts and her bra wasn't covering her breast.  My hand rubbed over [her] breast.  I reached down and kissed [her] breast.  [She] said no.

The defendant denied any other sexual contact but entered an Alford plea on Count Two.  A statement by the victim relative to the second incident

---

[1]On Count Two, the defendant entered a best interest plea of guilt under North Carolina v. Alford, 400 U.S. 25 (1970).

provides, in part, as follows:

> The last time my grandfather ... touched me was on the day I talked to JoAnne Parkins at school [on] May 8, 1995. Robert came into my bedroom and touched my breast under the clothes and on top of the clothes. [He] has touched me different times.

After adjudging the defendant guilty as charged on each of the two counts, the trial court denied probation. While conceding that incarceration would have a "devastating" effect upon the defendant, the trial court determined that the nature and circumstances of the crime were "grievous," especially because of the position of trust between the defendant and his granddaughter. The trial court rejected Community Corrections and determined that judicial diversion was inappropriate due to the "terribly serious crimes" involved.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's

3

potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Among the factors applicable to the defendant's application for probation are the circumstances of the offense, the defendant's criminal record, social history, and present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978).

Especially mitigated or standard offenders convicted of Class C, D, or E felonies are presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(a), (b).

The purpose of the Community Corrections Act of 1985 was to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community based alternatives to incarceration." Tenn. Code Ann. § 40-36-103. The Community Corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant yet serve legitimate societal aims. State v. Griffith, 787 S.W.2d 340, 342 (Tenn. 1990). That a defendant meets the minimum requirements of the Community Corrections Act of 1985, however, does not mean that he is entitled to be sentenced under the Act as a matter of law or right. State v. Taylor, 744 S.W.2d 919 (Tenn. Crim. App. 1987). The following offenders are eligible for Community Corrections:

> (1) Persons who, without this option, would be incarcerated in a correctional institution;
>
> (2) Persons who are convicted of property-related, or

4

drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 2 [repealed], parts 1-3 and 5-7 or title 39, chapter 13, parts 1-5;

(3) Persons who are convicted of nonviolent felony offenses;

(4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

(5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;

(6) Persons who do not demonstrate a pattern of committing violent offenses; and

(7) Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

Tenn. Code Ann. § 40-36-106(a).

Subsection (2) would initially exclude the defendant from receiving a Community Corrections sentence because sexual battery is a "crime[] against the person" codified in "title 39, chapter 13, parts 1-5." See Dwight Leatherwood v. State, No. 113 (Tenn. Crim. App., at Knoxville, Oct. 4, 1990). He is possibly eligible, however, under the special needs provision of the Act, which allows some individuals who commit crimes against the person to be placed on Community Corrections if they have special needs arising from mental health problems for which treatment is available. Tenn. Code Ann. § 40-36-106(c).

The defendant made a persuasive case for judicial diversion, probation, or Community Corrections. Born February 25, 1931, the defendant had been married almost a half century by the date of the sentencing hearing and had no prior criminal record. He completed the eleventh grade of school in Clay County, Kentucky, received his GED in 1952, and attended college for three years. He had no history of alcohol or drug abuse, he served in the United States Air Force, and he

5

received an honorable discharge.  The defendant has been gainfully employed throughout his adult life and, in 1961, went to work for Aid Budget Company.  He has served in management in several finance companies and was employed with the same business for over twenty-five years.  The defendant suffers from diabetes, an ulcer, sleep apnea, angina, migraine headaches, and other infirmities.  He has had surgery on several occasions and suffers from depression, a condition for which he receives psychiatric treatment and medication.  He testified at the sentencing hearing that he had thirteen prescriptions for medication.  The victim submitted a letter acknowledging that the defendant had suffered emotionally, physically, and financially.  She opposed a sentence of incarceration.  Several witnesses testified to the defendant's good character.  He was described as a model citizen.

While the defendant makes a compelling case for an alternative sentence, there were two separate counts of sexual battery.  The victim referred to other instances of inappropriate contact.  As grandparent and the legal custodian of the child, the defendant occupied a position of trust and responsibility with regard to his sixteen-year-old granddaughter; moreover, the trial court determined that the victim had had a "difficult childhood" prior to being placed in defendant's custody. See Tenn. Code Ann. § 40-35-114(4), (5).

The nature of the crime, under these circumstances, is of particular concern.  A term of confinement, in our view, is necessary to avoid depreciating the seriousness of the offenses.  See Tenn. Code Ann. § 40-35-103(1)(B).  Thus, the term ordered is entirely appropriate.

Although not specifically raised as a separate issue, the defendant has also complained that the trial court erred by denying his request for judicial

6

diversion. See Tenn. Code Ann. § 40-35-313. This court is limited to a determination of whether the trial court abused its discretion. Judicial diversion necessarily precludes the entry of a judgment of guilty and requires the imposition of immediate probation. State v. Vassar, 870 S.W.2d 543 (Tenn. Crim. App. 1993). Because we have concluded that the trial court acted within its discretion in denying probation, it necessarily follows that there was no error in the denial of judicial diversion.

Finally, the defendant committed a crime against a person and is thus disqualified from consideration for Community Corrections. Tenn. Code Ann. § 40-36-106(a)(2). Because sexual battery is defined as a violent offense, the Community Corrections program is not an alternative. See Tenn. Code Ann. § 40-36-106(a)(3); State v. Staten, 787 S.W.2d 934 (Tenn. Crim. App. 1989). While depression may qualify the defendant under the "special needs" provision of the Act, the medication and treatment required can be administered in confinement. In summary, because the trial judge saw and heard the witnesses at the sentencing hearing and carefully considered all of the controlling factors, we must treat the judgment of the trial court as presumptively correct.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
James Curwood Witt, Jr., Judge


_____
Norma McGee Ogle, Judge