IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

OCTOBER 1997 SESSION

FILED

January 8, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| STATE OF TENNESSEE, | * | C.C.A. # 03C01-9701-CR-00014 |
| Appellee, | * | HAMILTON COUNTY |
| VS. | * | Hon. Gary D. Gerbitz, Judge |
| JOE HENRY SMITH, | * | (Sentencing) |
| Appellant. | * | |

For Appellant:

Ardena J. Garth
District Public Defender
Eleventh Judicial District

Donna Robinson Miller
Assistant District Public Defender
Suite 300, 701 Cherry Street
Chattanooga, TN  37402
(on appeal)

Cynthia Lecroy-Schemel
Assistant District Public Defender
Suite 300, 701 Cherry Street
Chattanooga, TN  37402
(at trial)

For Appellee:

John Knox Walkup
Attorney General and Reporter

Clinton J. Morgan
Counsel for the State
450 James Robertson Parkway
Nashville, TN  37243-0493

Barry Steelman
Assistant District Attorney General
Suite 300, 600 Market Street
Chattanooga, TN  37402

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

<u>OPINION</u>

The defendant, Joe Henry Smith, was indicted for aggravated robbery. He then entered into a plea agreement whereby he pled guilty to simple robbery and accepted a Range I, six-year sentence. The trial court denied probation. In this appeal of right, the defendant complains that the trial court should have granted probation or an alternative sentence.

At about 1:00 A.M. on September 18, 1995, the victim, William Luther, who was an employee of Steak-Out, made a delivery to a residence in Chattanooga. The defendant, who appeared to be armed with a sawed-off shotgun, and another male robbed the victim of approximately $60.00 in cash, food, and the contents of his wallet.

At the sentencing hearing, the defendant, who had been jailed for approximately nine months, testified that he planned to return to the residence of his father, if released, and go to work. The defendant acknowledged that the robbery was "stupid" and claimed that it was the result of being with "the wrong crowd and [at] the wrong place at the wrong time." The defendant denied having a shotgun but conceded that he had a pipe and held it as if it was a shotgun. The defendant testified that he had already violated his probation on a prior theft conviction by the time this crime had occurred.

The trial court first determined that the defendant had a prior criminal history which included prior theft offenses and the use of illegal drugs. It determined that the defendant was on either probation or a suspended sentence when the robbery occurred and had been untruthful to police when first questioned. Based upon those findings, the trial court determined that confinement in prison was

2

necessary.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Especially mitigated or standard offenders convicted of Class C, D, or E felonies are presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(a), (b).

The purpose of the Community Corrections Act of 1985 was to provide

an alternative means of punishment for "selected, nonviolent felony offenders in front-end community based alternatives to incarceration."  Tenn. Code Ann. § 40-36-103.  The Community Corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant yet serve legitimate societal aims.  State v. Griffith, 787 S.W.2d 340, 342 (Tenn. 1990).  That a defendant meets the minimum requirements of the Community Corrections Act of 1985, however, does not mean that he is entitled to be sentenced under the act as a matter of law or right.  State v. Taylor, 744 S.W.2d 919 (Tenn. Crim. App. 1987).  The following offenders are eligible for Community Corrections:

> (1) Persons who, without this option, would be incarcerated in a correctional institution;
>
> (2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 2 [repealed], parts 1-3 and 5-7 or title 39, chapter 13, parts 1-5;
>
> (3) Persons who are convicted of nonviolent felony offenses;
>
> (4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
>
> (5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;
>
> (6) Persons who do not demonstrate a pattern of committing violent offenses;  and
>
> (7) Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

Tenn. Code Ann. § 40-36-106(a).

The defendant, twenty-two years of age, is single.  He attended Ooltewah High School until the twelfth grade when he was suspended for fighting.  The defendant has two daughters, ages six and five, through a relationship with Mona Davis and, according to the presentence report, does not provide child

4

support. While possessing "the ability to attain and maintain gainful employment," the defendant has a sporadic work history. Working as a laborer, his jobs with three different employers from 1992 through 1995 were terminated by a discharge, abandonment, and resignation. While in excellent physical and mental health, the defendant conceded that he was smoking "weed" and using alcohol at the time of the robbery.

The defendant's record includes a 1996 conviction for theft of less than $500.00 and an eleven-month and twenty-nine-day sentence which resulted in the revocation of probation. Prior to that, the defendant had convictions for shoplifting, assault, driving on a revoked license, and criminal impersonation. His juvenile record includes more than one theft and an assault.

The defendant's father, Joe Smith, Sr., is a heavy equipment operator and supervisor with Ridge Brothers Construction in Chattanooga. He testified that he was willing to have his son return to his residence, support random drug screens, and find the defendant regular employment as a laborer.

While the defendant has made a compelling argument for probation, a sentence of split confinement, or placement in Community Corrections, a determination made by the trial court after proper consideration of the applicable law and facts, is always entitled to a presumption of correctness. Community Corrections is designed for those who are convicted of non-violent felony offenses. Robbery qualifies as a violent offense and, therefore, precludes the defendant from consideration. State v. Staten, 787 S.W.2d 934, 936 (Tenn. Crim. App. 1989); State v. Vernita Cox, No. 02C01-9605-CR-00174, slip op. at 3 (Tenn. Crim. App., at Jackson, July 7, 1997).

5

Moreover, the defendant's prior criminal history and his failure to comply with the terms of a conditional release from incarceration on an earlier sentence, support the denial of either immediate probation or a sentence of split confinement. See Tenn. Code Ann. §§ 40-35-102(3)(B) and -103(1)(C). The primary purpose of the Criminal Sentencing Reform Act of 1989 is to provide the punishment most "justly deserved in relation to the seriousness of the offense...." Tenn. Code Ann. § 45-35-102(1). Sentencing requires an individualized, case-by-case approach. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986). That method of analysis necessarily embodies the exercise of discretion at the trial court level, where the trial judge sees and hears the witnesses firsthand. See State v. Fletcher, 805 S.W.2d 785 (Tenn. Crim. App. 1991). Appellate courts "are always reluctant to interfere with [the] traditional discretionary powers [of the trial judges]." Ashby, 823 S.W.2d at 171. That is the case here. The trial court listed valid reasons for the denial of an alternative.

For all of these reasons, we affirm the judgment of the trial court.

_____
Gary R. Wade, Judge

CONCUR:


_____
David H. Welles, Judge


_____
Jerry L. Smith, Judge